### Perrin M. Smith v. Margaret J. Smith and Others.

*Chancery orders — what errors in, cannot be waived.* — An order in Chancery will be reversed, on appeal, by this Court, for errors which affect prejudicially the rights of infants, or go to the jurisdiction of the Court to make the order, even though no objection be made by the parties to the order for such errors. They cannot be waived by the consent of parties.

*Application for surplus money after mortgage sale — who entitled to notice.* — Where an application is made for the surplus money after satisfaction of a decree of foreclosure, all the parties to the foreclosure suit are entitled to notice, in order that they may appear and contest the right of the applicant, and assert their own; and an order for payment of such money, without notice to the parties, or an appearance by them, is erroneous, and will be reversed.

The surplus money remaining in Court, upon a sale under a decree of foreclosure, after satisfying the decree, is personal estate; and if the owner of the equity of redemption dies subsequent to the sale, his personal representatives should be made parties to a petition for such surplus.

*Surplus money — who not entitled to.* — Where the mortgagee of lands had obtained a decree of foreclosure, by virtue of which the property had been sold, and, being also a judgment creditor of the mortgagor, had an execution levy on

SMITH *v.* SMITH.

the mortgaged premises — to which, however, the mortgagor had *no* title *at the time of the levy* — it was *held*, that he was not entitled to an order for the surplus money remaining in Court after satisfaction of the decree, even though the mortgagor, during ;the pendency of the foreclosure suit, to which he was a party, and prior to the decree and sale thereunder, had become the owner of the equity of redemption.

*Infants — Chancery order on admission of, invalid.* — A Chancery order granted on the admission of infants is erroneous, and will be reversed, on the ground that infants are incompetent to make such admission binding upon their rights.

*Costs — when should not be awarded against infants.* — In a Chancery order affecting the rights of infants, where, to bind them, it was necessary to procure such order, and where nothing more has been done by them, or on their behalf, than to present to the Court such facts as show their rights in the matter, costs should not be awarded against them.

*Heard April* 29 *and* 30. *Decided May* 9.

Appeal in Chancery from St. Joseph Circuit.

*Riley & Shipman*, for complainant.

*Severns & Barnhart*, for defendants.

COOLEY J.:

In this case, the question of the validity of a deed of lands by a married woman directly to her husband was argued as the sole question, but on an investigation of the record, we find that it is not in such shape that we can with propriety express our opinion upon that subject.

On the 4th day of March, 1859, Benjamin Smith, and Mary Ann Smith, his wife, executed to Perrin M. Smith a mortgage on certain lands in St. Joseph County, which mortgage he filed a bill in Chancery to foreclose at some time not mentioned, but which seems to have been after the death of the wife, as he made her heirs at law defendants. To this bill Alexander H. Hicks, Heman H. Cole and James Crawford were also made parties, and as they were not mortgagors, we must understand — though the record of the foreclosure suit is not before us — that they were brought in as subsequent purchasers or incumbrancers. Decree having been entered in the

foreclosure suit, a sale was made, March 21, 1862, which realized a considerable amount more than was due on the decree.

The complainant in the suit now files his petition, claiming this surplus, as a judgment creditor of Benjamin Smith.   He shows a judgment rendered against Benjamin Smith, December 19, 1860, in favor of Kent, Lowber & Co., and by them assigned to him by virtue of an execution issued, upon which a levy was made on the mortgaged land, January 25, 1861; and the petition states that the record title to the land was, soon after said levy, in said Benjamin Smith.   The petition avers that said levy is the next lien upon the land after the mortgage, and paramount to any other, and the petitioner, therefore, asks that the surplus moneys be paid over to him in satisfaction of his judgment.

It does not appear from the record that this petition was ever served upon any one, or any notice given of the intention to present it; but it was filed on the 3d day of May, 1862, and two years afterward the heirs at law of Mary Ann Smith, who are infants, by their guardian, ad litem, present their petition, claiming the surplus, as such heirs at law, and averring that said Mary Ann Smith was the owner of the land at the time of the giving of the mortgage, and that she remained such owner to the time of her death, unless she alienated the same by a deed of conveyance made directly to her husband, November 24, 1859, which deed they claim was void.   Their petition also sets forth that Benjamin Smith has deceased since the said foreclosure sale was made.

Aside from the two petitions, nothing appears in the record except the decree or order thereon, which recites that, on hearing the said petitions, "and the facts in said petitions stated being admitted as true by the respective petitioners, and from which it appears that the

said Perrin M. Smith is entitled to the said surplus," the order thereupon proceeds to adjudge it to him.

It is very manifest that the order thus made cannot be supported. Looking first at the petition of Perrin M. Smith, it would appear that his foreclosure suit proceeded, upon the assumption that there were several parties who, had, or might have, better rights to the surplus than himself; for he makes the heirs of Mary Ann Smith parties defendant, which could only be on the supposition that she owned, or was interested in, the equity of redemption; and he also joins other parties, who were only proper defendants if they had become purchasers or incumbrancers subsequent to the mortgage. All of these parties were entitled to notice of the presentation of the petition, that they might contest the right of the petitioner, and assert any they might suppose to exist in themselves. Benjamin Smith, if living, was also entitled to notice, that he might show that the judgment had been satisfied.

Moreover, aside from any question there may be, whether the rights of complainant under the levy were not entirely cut off by the foreclosure sale, the petition fails to show any equity, since it does not appear from it that Benjamin Smith had any right in, or claim to, the land when the levy was made, but the petition inferentially asserts the contrary. If a sale had taken place, and it had appeared that Benjamin Smith had had some claim to the land at the time of the levy, which was enlarged or perfected afterwards, a very different question would be presented from that which is now before us, where the execution creditor seeks to reach, through a levy not followed by sale, the proceeds of lands not owned by his debtor when levied upon.

If we could look at the facts set up in the counter petition for the purpose of supplying the defects in the other, we should find that they do not aid the first

petitioner. It is true that petition shows the equity of redemption to have been in Benjamin Smith at the time of the levy, if the deed of the wife to him was valid; but it also shows that Benjamin Smith had deceased since the sale, so that, if he was owner of the equity of redemption when the sale was made, the surplus moneys became personalty by the sale, (*Bogert v. Furman*, 10 *Paige*, 496; *Sweezey v. Willis*, 1 *Bradf.*, 495,) and his personal representatives were entitled to be heard before the moneys were adjudged to the petitioner. It appears, therefore, that, of the three classes of persons who were entitled to dispute with the petitioner the right to this surplus, two — the subsequent purchasers or incumbrancers, and the representatives of Benjamin Smith — are not before the Court at all.

There is a still further difficulty — that the order made on the petitions was made solely on the admissions of the infant heirs, who were not only incompetent to make any admissions which would bind absent parties, but they could not even make any which should bind their own interests.

The order was also erroneous in awarding costs against the infants. Costs are usually awarded either because the party, in the assertion of an unfounded claim, has brought another into Court to defend his rights; or because, by the neglect to perform a legal duty, or by some wrongful act, he has compelled another to come into Court to assert his rights. The costs in this case were not caused by the infants. Their assent would not have enabled the appellees to obtain the surplus moneys without a resort to this proceeding; and if there was reasonable ground for believing that they were entitled to these moneys, it was the duty of whoever represented their interests to present the facts to the Court.

Although these errors in the order were not pointed

out on the argument, yet, as they all either affect prejudicially the rights of infants, or go to the jurisdiction of the Court to make any such order, they cannot be waived by consent of these parties, and we cannot overlook them.

The order must be reversed, with costs to the appellants, and the cause remanded for further proceedings.

CHRISTIANCY and CAMPBELL JJ. concurred.

MARTIN Ch. J. did not. sit in this case.