## Wellington R. Burt and another v. Susan A. McBain.

*Statute construed: Married women: Parties: Wife's torts.* Under our statute (*Comp. L.* §§ *6129, 7582*) the husband is no longer responsible, in person or property, for the torts of the wife, so that there would seem to be no reason for joining him as a defendant; yet it is assumed, in these very statutes, that he is still a proper party, and whether a necessary one or not, he is at least not an improper party.

*Evidence: Slander: Admission: Supposition.* In an action for slander it is competent to prove an admission by the defendant, that she supposed she had repeated the story; though it was only her supposition, it tended to prove the fact.

*Slander: Chastity: Declaration: Special damages: Evidence.* Under our statute (*Comp. L.* § *6176*) making the imputation of want of chastity in a female actionable *per se*, it is competent in an action for such a slander, without any averment of special damages, to prove that in consequence of the slander the plaintiff was excluded from the society in which she formerly moved, and was affected in mind and health.

BURT *v.* McBAIN.

*Evidence.* Where a witness for the plaintiff in slander has testified to the speaking of the words by the defendant, and on cross-examination has stated that she had previously heard the same story from others, it is competent on re-examination to ascertain from whom she had heard it: the extent and prevalence of the story was a proper subject of inquiry; and the plaintiff had a right, if she could, to trace it back to the defendant.

*Slander: Evidence: Infants: Retraction and apology: Accord and satisfaction.* The exclusion of evidence that, pending a former case between the same parties and relating to the same subject matter, and on the trial thereof, an understanding was come to between the parties whereby it was agreed that the two defendants should go upon the stand and under oath disclaim all belief in the reports, and that this should be considered a satisfaction of the plaintiff's cause of action and the suit should be discontinued, and that this understanding was carried out, in a case where the plaintiff was an infant and brought the suit by her next friend, is held not to be error: it was neither admissible in mitigation of damages, as a retraction and apology, nor as proving an accord and satisfaction.

*Infants: Next friend.* An infant is not bound by any attempted relinquishment of her rights by her next friend.

*Slander: Belief: Damages: Question of fact: Presumptions.* The circulation of vile, defamatory and slanderous language concerning another, and especially concerning the chastity of a woman, is not wholly excused by a protest, at the time, of disbelief, or by a showing that those who heard the slander did not believe it to be true; such conduct is actionable; and the question of the extent of the responsibility is one for the jury, and not to be solved by any presumptions of harmlessness.

*Charge to the jury: Slander.* The instructions to the jury in this case are held not to be open to objection as assuming facts which were not proved, in speaking of the plaintiff as a sensitive girl who had suffered in consequence of the slander, and in calling attention to the relative situation of the parties, etc.

*Slander: Malice: Question of fact.* It is not error to submit to the jury the question whether there was actual malice in the utterance of slander where the evidence is sufficient to warrant a finding that due caution has not been observed by the defendant, and that she has assisted considerably in spreading the injurious report, even though no actual design to injure is shown.

*Submitted on briefs January 28. Decided May 3.*

Error to Saginaw Circuit.

*D. W. C. Gage,* for plaintiffs in error.

*Dan P. Foote,* for defendant in error.

COOLEY, J.

Error is brought in this case to reverse a judgment rendered for a slander alleged to have been uttered of the plaintiff, Susan A. McBain, who is an infant, by Amina. Burt, the wife of Wellington R. Burt, who is joined with her as defendant in the action.

One of the errors assigned raises the question of the right in this state to join the husband as defendant in an action for the wife's tort. It is claimed that such joinder is inconsistent with our statutes which secure to the wife the ownership and control of all the property owned by her at the time of the marriage or in any manner acquired by her thereafter, and exempt the husband from responsibility upon her contracts or for her acts. The joinder is conceded to have been necessary before these statutes, and it is not claimed that any of them in terms changes the former rule in that regard, but it is argued that as the reasons for the rule are now wholly taken away, the rule itself must have ceased to exist.

At the common law the husband was not only a necessary defendant in a suit for his wife's tort, but he was responsible in person and property for the damages recovered. This responsibility is now wholly taken away.—*Comp. L. §§ 6129, 7382.* What reason there can be for joining the husband as defendant in a suit where the judgment, though rendered against him in form, can neither be satisfied from his property nor subject his person to imprisonment, it is difficult to conceive, for it would seem plain that he might disregard the proceeding altogether, and suffer the case, so far as he is concerned, to go by default, without either subjecting himself to pecuniary risk, or either improving or prejudicing the case of the plaintiff against the real defendant. These facts would constitute reasons sufficient for such an amendment of the statute as would make the joinder unnecessary, but the legislature seem never to have recognized them. On the contrary, in the very statutes referred to, it is assumed that the husband, though no longer responsible for the damages which may be recovered, is still a proper party to the suit, for it is in the cases where he "has been or shall be joined as defendant with his wife" that the statutes exempt his person and property from responsibility for her torts.

In the recent case of *Mich. Cent. R. R. Co. v. Coleman,*

*28 Mich.*, *440*, the court reached the conclusion that husband and wife could not join as plaintiffs to recover compensation for an injury to the person of the wife. But in such a case there might be a cause for action in behalf of each of the parties severally, and as these actions would rest on different grounds, and the husband could have no interest in the suit of his wife, and no right to control or manage it, there could not only be no necessity or propriety in his being joined as plaintiff, but on the contrary, to join him would only tend to confuse the jury as to the matters that were to be considered in their deliberations. No such embarrassment could arise from joining the husband as defendant in a suit of this nature. There is a single liability only ; the conduct of the wife and the injurious consequences resulting are alone to be considered, and the joinder of this mere nominal party can lead to no mischief. And perhaps this consideration may sufficiently account for the legislative recognition of the old rule in the statutes referred to ; if no longer important, it was nevertheless harmless, and might therefore be safely permitted to stand. Whether the husband is still a necessary party we do not decide ; but it is manifest it cannot be held that he has been made an improper party by statutory changes, when the most recent statutes on the subject, and all that expressly relate to it, speak of his being joined in the future, as if it were not only proper but a matter of course.

Passing from this preliminary question to the errors assigned on rulings at the trial, it is necessary to state that the slander complained of was that the plaintiff, who was an unmarried woman, had been with child and had a miscarriage. In the declaration various utterances were set forth of which this was the substance, and several witnesses were called to prove them. One of the witnesses was allowed, under objection, to testify to Mrs. Burt's admission that she *supposed* she had repeated the story. The objection to this was, that it was only her supposition, and not

an admission of the fact; but it tended to prove the fact, and therefore was competent.

Another error assigned is, that plaintiff was permitted, although the declaration did not claim special damages, to show that in consequence of the slander she was excluded from the society in which she formerly moved, and was affected in mind and health. But these results are the natural, and we might almost say the inevitable results of such a slander of a virtuous young woman, and they might be shown without setting them out in the declaration.— *Phillips v. Hoyle, 4 Gray, 568 ; Swift v. Dickerman, 31 Conn., 285.* It is to be borne in mind that our statute (*Comp. L. 1871,* § *6176*) makes the imputation of want of chastity in a female actionable *per se,* so that the necessity for an averment of special damages in order to show a cause of action is not requisite here, as it otherwise would be; and some decisions to which we were referred, which were made in states where no such statute exists, are for this reason not applicable.

A witness called for the prosecution to show the speaking of the words, testified on the cross-examination that she had previously heard the same story from others. On re-examination she was asked to state from whom. This was objected to, but was very properly allowed. It would be singular indeed if, after the defense had brought the previous reports into the case, the plaintiff should not be at liberty to show whence they came and what there was to them. The purpose in proving them may be assumed to have been to show that Mrs. Burt only repeated a common rumor and did not originate the slander, and thereby mitigate the damages; but this made the extent and prevalence of the rumor a proper subject of inquiry, and it entitled the plaintiff, also, to trace it back to Mrs. Burt, if she should be able to do so.

The most important question in the case, perhaps, relates to the offer of the defendants to show the proceedings in a former case between the same parties, relating to the same

subject matter, and which, it was said, had been discontinued by consent. The offer was to show that while the suit was pending and on trial, an understanding was come to between the parties, by which it was agreed that the two defendants should go upon the stand and under oath disclaim all belief in the reports, and that this should be considered a satisfaction of the plaintiff's cause of action, and the suit be discontinued without costs; that this understanding was carried out, and the plaintiff's counsel stated in open court that a satisfactory arrangement had been made by which the character of the plaintiff was vindicated, and the proceedings were at an end. The evidence thus offered was objected to and rejected.

The plaintiffs in error insist that their offer was admissible on two grounds: 1. On the same ground as a retraction and apology are allowed to be shown in mitigation of damages; 2. As showing an accord and satisfaction. But it will be observed that the offer was not to show an apology or a retraction, but only a disclaimer that the parties at the time of the former trial believed the reports. Now, if the story had been persisted in up to that time, and its unfounded character only then admitted for a consideration, we are not prepared to say that the admission could be regarded in any case as entitling the defendants to the favorable consideration of court or jury. Certainly in the case between these parties it could be allowed no influence whatever.

In this case the plaintiff was an infant, and she could not be bound by any relinquishment or attempted relinquishment by another of her rights. The next friend in the first suit had charge of its conduct, and if permitted by the court might stop the trial; but he could not agree on her behalf that no future suit should be brought, or that her cause of action should be discharged. The infant, not the next friend, was the party to the suit:—*Smith v. Floyd, 1 Pick., 275; Brown v. Hull, 16 Vt., 673;* and the latter could not admit away her rights.—*Chandler v. McKin-*

29 MICH.—34.

*ney, 6 Mich., 217; Smith v. Smith, 13 Mich., 258.*    And
the court in the first suit might' with entire propriety, if
the facts had been brought to its knowledge, have declined
to permit the suit to be discontinued, and designated an-
other person as next friend to look after her interest.    It
is always regarded as the duty of the court when the rights
of infants are in suit, to supervise the proceedings of those
who are appointed to represent them, and not to allow
their mistakes, defaults or frauds, to operate to the preju-
dice of their wards; and if in this case the next friend
had had authority to make the arrangement relied upon,
the proposition, and all the facts bearing upon it, ought, in
accordance with the customary practice where infants are
parties, to have been brought to the notice of the court,
and the offer been accepted only with its consent.    But as
the next friend had no authority to do what is assumed
to have been done, we need not discuss the subject further.

The judge's instructions to the jury are complained of.
He was requested to instruct them, that even though Mrs.
Burt spoke the words charged, or some of them, yet if
they believed they were spoken by her without any inten-
tion to injure the plaintiff, and under such circumstances
as would not lead the person who heard them to believe
they were spoken as true, the plaintiff could not recover.
Also that if Mrs. Burt made the statement as something
she had heard, accompanied with the further statement that
she did not believe it to be true, and did not intend to
impute a want of chastity, and was not understood by the
persons who heard her statement to impute it, and if in
this manner her statement taken together was a denial of
the imputation, it was not actionable, and defendants should
be acquitted.    These requests were refused, and we think
correctly.    They amounted in substance to this: that any
charges whatsoever might be published and repeated with im-
punity, so long as their truth was disclaimed, or so long as
the persons who heard them uttered were not led to believe
them.    Such a doctrine is immoral and pernicious, and

the judge correctly informed the jury that there could be
no excuse in law for the circulation of vile, defamatory or
slanderous language against another, which the party utter-
ing it does not believe to be true.  The circumstances of
a particular case might relieve it of all moral wrong, and
might disprove actual damages; but it is easy to perceive
that under the rule contended for by the defense the repu-
tation of a young woman might be utterly ruined and made
a by-word in the community by the continuous repetition
of baseless stories, which no one professes to believe.  It
is not the belief alone in a charge of this nature that
makes it disastrous; for if a woman's chastity is lightly
spoken of, and persistently called in question even under the
protest of confidence in it and sorrow for the imputation,
the probable result must be, at least in towns of consider-
able size, where reputations must stand very much on com-
mon report, that a suspicion comes to be generally en-
tertained which has the effect to exclude the subject of it
from the society of respectable persons of her sex, who
justly fear that association with one thus assailed may bring
upon themselves the like unfounded but damaging assaults.
The mere meaningless prattle of a thoughtless woman may
be in the highest degree cruel in such cases, and all that she
can justly ask when prosecuted for her misconduct is that all
the circumstances be fairly placed before the jury for their
judgment upon the extent of her responsibility.  She has
no right to have them instructed that her repetition of slan-
ders must be presumed harmless if she neither believed
them herself nor induced others to believe them.  The ex-
perience of mankind negatives such a presumption.

The following instructions to the jury on the question
of damages were objected to:

. "I can give you no rule of law by which you can fix
the compensation to be awarded the plaintiff.  Can you tell
the extent of the wound inflicted upon this plaintiff?  Can
you tell the suffering of a sensitive girl like this plaintiff, if

such an injury has been done her? You must fix some compensation if you find for her.

"As I said, I can give you no definite rule of law by which you are to reach a conclusion. You must apply your best judgments to the facts brought before you, considering the situation of the plaintiff and the defendant, the character of each, the character of the words uttered, and from all the surroundings of the case say how much should be given by one to the other.

"In determining that amount you should, however, carefully consider what might not be a defense or justification on the part of the defendant. You should consider whether there is any evidence showing express, positive malice on her part against the plaintiff. If you were satisfied by the testimony in the case that she was governed in the utterance of these words by actual, existing malice, then the compensation or award of damages should be higher and more severe than if you were satisfied that the words were uttered without any express malice. If they were thoughtlessly uttered, without due consideration of the import of the words, without any intent to injure the plaintiff—if there is no express malice proven in the case to your satisfaction, you should give less damages than you would if it is proved. You should take another matter into consideration in fixing the amount of damages.

"Satisfy your minds before fixing upon the amount, whether this defendant originated this story herself, or whether she simply repeated what she heard. If she originated the story, and it is false; if it was the outgrowth of a wicked heart; if it is the offspring of her own brain; the coinage of her own mind; her guilt would be greater than it would be if she received it from some one else, and simply gave it further circulation thoughtlessly, without any design to injure, without any intent to wrong. The proof upon this point you should carefully consider, and see to it that your verdict is not as light in the one case as it would be in the other."

The objections were: *First*, That the instructions assume certain facts to exist which were not in proof, such as that the plaintiff was a sensitive girl, and had suffered in consequence of the slander; and the relative situation of the parties, etc. But we do not see that the judge did any more than to ask the jury to look upon the case as it was presented by the evidence, and to draw therefrom the natural and necessary inferences. It cannot be necessary, we trust, in any case, to prove that a young woman is sensitive to so cruel a charge. *Second*, That it submitted to the jury the question whether the evidence showed malice in Mrs. Burt. But this was clearly right, for there was evidence from which legal malice might be inferred, even if no actual design to injure was shown. Enough appeared at least to warrant the jury in finding that due caution had not been observed by Mrs. Burt, and that she had assisted considerably in spreading the injurious report.

We have examined all the errors which we think are presented by the record, and finding none of them well assigned, the judgment must be affirmed, with costs.

CAMPBELL, J., and GRAVES, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.