SILAS L. BALLENTINE v. FREDERICK D. CLARK, EDWARD D. DAVIS ET AL.

*Infant's rights—Correction of deed.*

No decree can be made against an infant without full proofs, and no one can give away or lose an infant's rights.

Correction of a deed cannot be obtained without showing that complainant holds under it.

Appeal from St. Clair. Submitted January 30 and 31. Decided February 1.

Bill to reform a deed.    Defendants appeal.

*Frank Whipple* and *George P. Voorheis* for complainant. Where two parties claim adversely under the same grantor, and one files a bill to correct the deed to him, the rule that he must show an indefeasible title does not apply where the other knows of his equities, *Salisbury v. Miller*, 14 Mich., 160.

*Miles & Coe* and *W. T. Mitchell* for defendants.

CAMPBELL, C. J.   The bill in this case was filed to correct a mistake in a deed made by an ancestor of defendants to a person claimed to be a remote grantor of complainant.   All the defendants were non-residents and brought in by advertising.   Clark and Edward Davis appeared by counsel, but were defaulted for not answering.   The other defendant, who is an infant, had a guardian appointed, but there is a serious question of the regularity of this appointment.   Proofs were taken at which all the parties were represented and appeared, and a decree was entered in favor of complainant correcting the deed, on the 24th of June, 1876, from which all the defendants ultimately appealed.   Previous to this a stipulation had been made that an answer, to which it was attached, should be filed *nunc pro tunc* as of June 1, 1876, a day anterior to the proceedings to take testimony.

The case is technically open to appeal, although there is reason to suppose the complainant was not aware of the position it had been made to take, and no doubt was under the belief that he was not compelled to make full proof as against the adult defendants.

As to the infant, it is well settled that no decree can be made against him without full proofs in all cases, and no one can give away or lose his rights.   *Thayer v. Lane*, Walk. Ch., 200; *Chandler v. McKinney*, 6 Mich., 217; *Smith v. Smith*, 13 Mich., 258.

The testimony entirely fails to trace title into complainant; and as this is essential to his recovery, he

must fail on this record. None of the deeds in his chain of title appear. It seems to have been taken for granted that the only proof required was the identification of the premises described in the bill. But unless complainant shows that he holds under the deed sought to be reformed, he makes no showing of equities.

So far as the infant is concerned, he cannot be held responsible for any errors or misunderstandings that may have arisen in the cause, and is not in fault for them. He has a right to have the present decree reversed and set aside with costs. But while the decree must also be reversed as to the other defendants, we think complainant has some reason to insist that they obtained an undue advantage in getting leave to file their answer without saving him some of the advantages concerning proof that he would have had before.

It would also be unjust on such a record to make an absolute dismissal of the bill. It is plain the parties have acted unadvisedly, and it would not be right to leave the case where any part of the heirs of the grantor should be separated from the rest in the duty to correct a mistake if one existed.

We therefore shall reverse the decree and dismiss the bill without prejudice, with costs of both courts in favor of the infant defendant against complainant, leaving the other parties to pay their own costs.

The other Justices concurred.