LUMAN E. CLAXTON BY GUARDIAN v. FRANK W. CLAXTON ET AL.

### Infants—Partition of lands.

1. Where the interests of infants are involved nothing can be established by admissions or stipulations; proof is necessary.

2. Where partition of lands in which an infant has an interest is prayed for, the facts must be inquired into as fully when the infant is complainant as when he is defendant.

3. An infant's guardian filed a bill in his behalf for the partition of land in which he had an interest. Stipulated facts indicated that it would not be for his advantage, and on appeal it was *held* that as it could not be presumed a more favorable showing could be made by proof the decree should be reversed and the bill dismissed.

Appeal from Wayne. (Jennison, J.) Apl. 23.—Apl. 29.

*John Ward* for complainant.

*George W. Radford* for defendants. In New York guardians cannot appear for their infant wards in suits for partition: *Lyle v. Smith* 13 How. Pr. 105.; *Lansing v. Gulick* 26 How. Pr. 250; and the supreme court will not permit partition where they are concerned unless satisfied that it is for the best interests of the infant: *Clark v. Clark* 14 Abb. Pr. 300; in Illinois the guardian cannot file a bill unless he has an interest in the lands: *Bowles v. McAllen* 16 Ill. 30; see

*Whitlock v. Willard* 18 Fla. 156; *Richards v. Richards* 136 Mass. 126; *Brown v. Wells* 12 Met. 501; in New York an infant cannot ask partition: *Struppman v. Muller* 52 How. Pr. 211; see *Johnson v. Noble* 24 Mo. 252; *Hartmann v. Hartmann* 59 Ill. 104; *Harris v. Larkins* 22 Hun 488; an infant cannot have partition of lands unless it would be to his benefit: *Thornton v. Thornton* 27 Mo. 307; decrees concerning infants cannot rest on admissions by their guardians: *Chandler v. McKinney* 6 Mich. 219; *Smith v. Smith* 13 Mich. 258.

COOLEY, C. J. This is a bill in equity, filed on behalf of a minor, by his general guardian, for partition of lands. The lands are so situated that partition cannot be effected except through a sale, and this is opposed by the other joint owners. A net revenue of about nine per centum upon the value is now realized from the lands. The infant is owner of an undivided one-sixth.

The case has been heard on a stipulation as to the facts, and decree has been made as prayed. Evidently the court has assumed that partition was matter of right, which may be true enough if the facts are such as to warrant it. But when the rights of infants are in question, the facts cannot be established by admissions (*Smith v. Smith* 13 Mich. 258), and judgment must not pass as of course, but the facts must be proved, and the court, on an examination of them, must determine for itself what the interest of the infant demands; and, in a partition case, it is just as important to inquire into the facts on evidence when the infant is complainant as when he is defendant.

In this case it seems almost certain that the interest of the infant is opposed to a partition if it must be effected by a sale. If therefore the facts which are stipulated were proved, the partition should be denied; and, as we cannot suppose a more favorable showing can be made, the decree will not only be reversed, but the bill dismissed.

The other Justices concurred.