| 94 | 119 |
|----|-----|
| 103 | 57 |

| 94 | 119 |
|----|-----|
| s54NW | 766 |
| 130 | 298 |

</div>

CHARLES HATT v. THE EVENING NEWS ASSOCIATION.

[See *ante*, 114.]

*Libel and slander—Pleading—Special damages—Evidence.*

In an action for libel for publishing an article charging that the plaintiff was engaged to a young lady, and had the wedding set for the evening on which the article was published, and that another man, to whom she had been married on the same day, was a cousin of the plaintiff, and that plaintiff denied both the engagement and alleged relationship, testimony offered for the purpose of showing that plaintiff's associates ridiculed him, and that he left his employment in consequence, is inadmissible under an allegation that plaintiff "has been and now is greatly injured in his good name, fame, and credit, and brought into public scandal, humiliation, ridicule, and disgrace, and has suffered much annoyance, and incurred public derision, sarcasm, and contempt, and has otherwise been greatly injured."

Rehearing, upon application of defendant, of case reported

*ante,* 114.    Submitted    March    7, 1893.    Judgment reversed April 7, 1893.

MONTGOMERY, J.   A rehearing has been had in this case on the question of whether there was error in receiving the testimony offered to show special damages.   In the former opinion it was said:  "Were the question a new one in this State, we should seriously doubt the correctness of the holding below;" but the Court, deeming the case of *Burt v. McBain,* 29 Mich. 260, controlling, sustained the ruling.   It is now strenuously insisted that the doctrine of that case was misapplied, or at least extended.

Upon careful re-examination of the question, we feel constrained to reverse our former holding.   In *Burt v. McBain* the evidence offered was to the effect that plaintiff was excluded from society, and affected in her health.   This was held admissible, but it would appear to have been on the ground that it was a necessary result of such a slander as was uttered.   We confess it would seem to us more logical if the jury had been permitted to infer that this necessary result followed than to admit testimony of what must necessarily be inferred without proof; but testimony was admitted, and this is what makes the distinction between that case and the one at bar difficult.   We are convinced that the testimony given in this case included matters not within the necessary consequences of the wrong, and to this extent the former ruling went beyond that in *Burt v. McBain.*   The testimony offered for the purpose of showing that plaintiff's associates ridiculed him, and that he left his employment temporarily in consequence, we think should not have been received.

In Newell on Defamation (page 779) it is said:

"The general rule, as stated by Starkie, is that no evidence of special damage is admissible unless it be averred

in the declaration, whether the special damage be the gist of the action or be used as matter of aggravation, the words being in themselves actionable. But it has been said that greater certainty is requisite where the special damage is the gist of the action than where it is merely laid by way of aggravation."

In Sutherland on Damages (volume 3, p. 660) it is said:

"If the defamed party suffers a particular injury, which the jury would not be entitled to consider as the necessary result of the actionable publication, but which is a natural and proximate consequence of it, it may be made a subject of additional compensation. * * * And the special damages which must be shown in such cases may be alleged and proved, besides the necessary or general damages, in the class of cases which have been considered; and they cannot otherwise be recovered."

See, also, as bearing on the question of averring special damages, *Joslin v. Ice Co.*, 50 Mich. 516; *Fuller v. Bowker*, 11 Id. 204; *Mich. Cent. R. R. Co. v. Burrows*, 33 Id. 6; *Powers v. Irish*, 23 Id. 429; *Shaw v. Hoffman*, 21 Id. 151; *Brink v. Freoff*, 44 Id. 69.

In other respects we adhere to our former decision.

For the error in receiving the testimony indicated, the case will be reversed, and a new trial ordered. The defendant will recover costs of hearing in this Court, but no costs will be awarded on this rehearing.

McGRATH, LONG, and GRANT, JJ., concurred. HOOKER, C. J., did not sit.