Nellis, Respondent, vs. Cramer and others, Appellants.

*October 20 — November 7, 1893.*

*Libel imputing unchastity: Damages: Reputation: Instructions.*

1. In an action by a woman for a libel imputing to her a want of chastity, there was evidence that her general reputation for chastity was bad. *Held,* that unless some equivalent charge was given it was error to refuse to instruct the jury that if plaintiff, "at the time of the publication, was a woman of disparaged reputation, then that must be taken into consideration, because a woman whose reputation for chastity is bad cannot suffer the same damages as a woman of good reputation would, if an article was published about her, reflecting upon her chastity."

2. It was not equivalent to such instruction to charge that not only plaintiff's "reputation for chastity must you take into consideration, but also her general reputation," and "in determining the amount of the damages you will consider the nature of the charge made in this article; the injury which is produced upon the feelings of plaintiff. You must consider her character and reputation, her social standing among her friends and acquaintances and the public generally, and her mental suffering on account of this publication."

APPEAL from the Superior Court of *Milwaukee* County.

Action for libel. Defendants are proprietors of the Evening Wisconsin, a newspaper published by them in the city of Milwaukee. They published in that paper an abstract of a complaint which had theretofore been served,

but not filed, in an action for divorce brought by one Mrs. Sullivan against her husband. The publication states that the husband is charged in the complaint with living openly with the plaintiff, and that the complaint charges the pair with other unseemly conduct. The publication is the alleged libel. The answer denies malice on the part of the defendants, and avers the truth of the matters stated in the publication.

On the trial, defendants introduced testimony tending to prove the truth of the publication; also that the general reputation of the plaintiff for chastity was bad. Numerous instructions to the jury on behalf of the defendants were proposed, one of which is as follows: "If you believe from the evidence that the plaintiff, at the time of the publication, was a woman of disparaged reputation, then that must be taken into consideration, because a woman whose reputation for chastity is bad cannot suffer the same damages as a woman of good reputation would, if an article was published about her, reflecting upon her chastity."

The jury returned a special verdict, in which they found that the charges against plaintiff in such publication were false, and that she was injured thereby in her character, reputation, and business in the sum of $1,200. A motion by defendants for a new trial was denied, and judgment for plaintiff entered for the damages assessed by the jury. Defendants appeal from the judgment.

For the appellants there was a brief by *Miller, Noyes & Miller*, and oral argument by *B. K. Miller, Jr.*, and *F. A. Geiger*.

For the respondent there was a brief by *Williams & May*, and oral argument by *A. B. May*.

LYON, C. J. It is a fundamental rule in the law of libel and slander that the general reputation of the plaintiff is in issue, and if the defendant satisfies the jury that such repu-

Nellis vs. Cramer and others.

tation is bad it goes in mitigation of damages. This is on the principle that, in the nature of things, a person with a soiled reputation cannot be damaged by a libel or slander against his character to the extent that he would were his reputation good. This rule is fairly expressed in the proposed instruction quoted in the above statement of the case, and the same or its equivalent should have been given the jury. It is earnestly maintained by counsel for plaintiff that such equivalent was so given. All the court said to the jury on the subject was: "Not only *Mrs. Nellis'* reputation for chastity must you take into consideration, but also her general reputation," and, "in determining the amount of the damages, you will consider the nature of the charge made in this article; the injury which is produced upon the feelings of the plaintiff. You must consider her character and reputation, her social standing among her friends and acquaintances and the public generally, and her mental suffering on account of this publication."

We think the above remarks to the jury are not the equivalent of the instruction proposed, for they do not expressly, nor by clear implication, inform the jury that "a woman whose reputation for chastity is bad cannot suffer the same damages as a woman of good reputation would, if an article was published about her, reflecting upon her chastity." Defendants were entitled to have the jury so instructed, and the refusal to do so is error.

*By the Court.*— The judgment of the superior court is reversed, and the cause will be remanded for a new trial.