FOWLER *v.* FOWLER.

1. SLANDER—DAMAGES—EVIDENCE IN MITIGATION — INSTRUCTIONS.
Where, in an action for slander in imputing to plaintiff a want
of chastity, defendant produced testimony tending to show
that, at the time of the alleged slander, plaintiff's reputa-
tion for chastity was bad in the neighborhood in which she
resided, defendant was entitled to an instruction that, if it
should be found that a general rumor already prevailed in the
neighborhood of the same tenor as the words charged, plain-
tiff should not recover as much damages as if no such rumor
prevailed.

2. SAME.
The failure to give such instruction was not justified by the
fact that it was claimed by the plaintiff that the defendant
was himself responsible for some of the rumors, since the pro-
posed instruction was proper in the abstract, and might have
been qualified, if desired by the plaintiff, so as to exclude
rumors started by the defendant himself.

3. SAME—QUO ANIMO.
A defendant in an action for slander may show in mitigation
of damages, as bearing on the *quo animo*, that, before utter-
ing the words imputed to him, he had been informed that
stories to the same purport as his subsequent statement were
already afloat in the neighborhood.

Error to Hillsdale; Lane, J. Submitted April 14, 1897.
Decided July 13, 1897.

Case by Kate Fowler against Frederick Fowler for
slander. From a judgment for plaintiff, defendant brings
error. Reversed.

*Chester & Twiss* (*T. E. Barkworth*, of counsel), for
appellant.

*C. M. Barre* and *E. J. March* (*Watts, Bean & Smith*,
of counsel), for appellee.

MONTGOMERY, J. This is an action of slander. The defendant is accused of making accusations against the plaintiff, imputing to her a want of chastity. Plaintiff is the widow of defendant's son. The jury rendered a verdict of $10,000. This verdict was afterwards reduced to $6,000 on an order of the circuit court requiring such reduction or granting a new trial. On the trial the defendant produced testimony tending to show that, in the spring and summer of 1893, the plaintiff's reputation for chastity was bad in the neighborhood in which she resided. At the conclusion of the testimony the defendant preferred the following requests, which were refused:

"If you find that the defendant spoke the words as charged, and find under the evidence and these instructions he has failed to establish his justification, and you further find that a general rumor already prevailed in the neighborhood where plaintiff lived of the same tenor as the words charged, then she could not be entitled to as much damage as if no such rumor prevailed.

"If you believe from the evidence that, at the time of the publication, the plaintiff was a woman of disparaged reputation, then that must be taken into consideration, because a woman whose reputation for chastity and virtue is bad cannot suffer the same damage as a woman of good reputation would if words were spoken about her that reflected upon her chastity."

We think these instructions should have been given. *Nellis* v. *Cramer*, 86 Wis. 337; *Campbell* v. *Campbell*, 54 Wis. 90; *Burt* v. *McBain*, 29 Mich. 268; *Orth* v. *Featherly*, 87 Mich. 320; Newell, Defam. 890.

Plaintiff's counsel contend that the record shows that defendant himself was responsible for the rumors which existed before and at the time of the utterance of the substantive slander alleged and proved. We do not think this conclusion appears. But it is urged that the requests should have been so framed as to exclude from the rumors which would mitigate damages those which defendant himself started, if any. But defendant's theory was that he acted upon information of others, and that he did not originate the rumors. The requests were framed in ac-

cordance with this theory of defendant, and if peculiar circumstances existed, requiring a modification of the instructions, we think the plaintiff should have called attention to them, or the court, of its own motion, might have properly qualified the instructions. But the requests were proper in the abstract, and were proper if the defendant's theory was maintained, and there was a total failure to cover the ground. We think this was damaging error.

Defendant also offered to show that he had a conversation with one Eddy, in which Eddy told him (defendant) of stories afloat in the neighborhood which were substantially those which defendant was charged with circulating. This was excluded on the ground that, before evidence of such statements could be received, it must be shown that they were rumors in common circulation. The question presented is whether, as bearing on the *quo animo*, a defendant may show that, before uttering the words imputed to him, he had been informed that the statements made by him were true, for the purpose of mitigating damages. We think it should be held that such testimony is admissible. *Simons* v. *Burnham*, 102 Mich. 200; *Huson* v. *Dale*, 19 Mich. 35 (2 Am. Rep. 66); *Orth* v. *Featherly*, 87 Mich. 319; Newell, Defam. 890.

The other questions presented are not likely to arise on a new trial.

Judgment reversed, and a new trial ordered.

The other Justices concurred.