ETTA MARCUS *vs.* DAVID ROVINSKY, and another.

Knox.    Opinion February 28, 1901.

*Pleadings. Joinder of Parties. Husband and Wife. R. S., c. 61, § 4, R. S. 1871, c. 61, § 4; Stat. 1883, c. 207; 1852, c. 291; 1862, c. 148; 1866, c. 52.*

By R. S., c. 61, § 4, a husband may be joined as a nominal party defendant with his wife in an action for a tort of the wife in which he took no part and which is alleged to have been committed by her alone.

In such case the property of the wife alone is subject to attachment, levy and sale on execution, and no execution can issue against the husband or his property.

A defect in the form of a writ which is amendable cannot be taken advantage of by a general demurrer.

Exceptions by plaintiff.    Sustained.

Action on the case against husband and wife for slander com-

mitted by the wife alone. The husband demurred for misjoinder and the presiding justice sustained the demurrer.

*L. R. Campbell and R. I. Thompson,* for plaintiff.

*C. E. and A. S. Littlefield,* for defendants.

SITTING: EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J. This is an action against a husband and wife, for slander alleged to have been committed by the wife alone, the husband taking no part in the alleged tort. The writ is dated February 7th, 1900, and the officer is commanded to attach the goods and estate of both defendants. Plaintiff excepts to the ruling at nisi prius sustaining a general demurrer by the husband.

At common law the husband was liable for the torts of his wife in which he took no part, and a suit could not be maintained against her alone therefor. *Atwood* v. *Higgins,* 76 Maine, 423, an action of slander. This so continued in this State until the enactment of c. 207 laws of 1883. That statute amended R. S., 1871, c. 61, § 4, which already relieved him from liability for her debts, by inserting therein "Neither is he (the husband) liable for her (the wife's) torts committed after April 26, 1883, in which he takes no part," and with other verbal changes in the section necessary to make it applicable to torts as well as debts, making the entire section read as now found in R. S., c. 61, § 4. The plaintiff's contention that the husband is still liable for the wife's torts in which he takes no part cannot be sustained against the explicit terms of the statute.

What, then, is the force of the words found in this section of the statute authorizing a suit to be "maintained against her or against her and her husband therefor?" The first enactment embraced in this section is found in the laws of 1852, c. 291, which exempts the husband's person and property from all liability for the wife's antenuptial debts and contracts, but provides that "an action to recover the same may be maintained against husband and wife and the property of said wife held in her own right, if any, shall alone

be subject to attachment, levy and sale on execution to satisfy all liabilities for such debts and contracts in the same manner as if she were unmarried." Thus far the husband's exemption from liability is clear, and equally clear is the plaintiff's right in such a suit to join the husband as a party defendant, although the wife's property could alone be attached or held to respond to the judgment which might be obtained. Before the act of 1852 the husband was liable for his wife's antenuptial debts and must be joined with her in an action to recover them. After the act he was exempted from all liability, his property could not be attached or his person arrested, but he might be joined as a nominal defendant for conformity only, to assist his wife in defending the suit and protecting her rights and property.

This act was embodied in a condensed form in R. S., 1857, c. 61, § 4. Instead of a provision that a suit may be maintained against the husband and wife and her property alone attached and taken to satisfy the judgment obtained, it is provided that it may be maintained against them to obtain payment from her estate. The purport is the same, and a change of legislative purpose is not to be presumed from a mere condensation of a prior statute in a subsequent revision. Next came the act of 1862, c. 148, making valid certain contracts of a married woman engaged in trade or business on her own account, and later the act of 1866, c. 52, which made valid all her contracts for any lawful purpose. The former act in express terms provides that the husband shall not be liable on such contracts unless a party thereto, and both acts state that her contracts were to be enforced in the same manner as if she were sole. These two acts, together with R. S., 1857, c. 61, § 4, were incorporated in R. S., 1871, c. 61, § 4, and while the exemption of the husband from liability was thereby retained unimpaired the right to maintain a suit against the wife alone, or against her and her husband jointly, was extended to all her debts and contracts. When the exemption of the husband was extended by laws of 1883, c. 207, to torts of the wife in which he took no part, the provision permitting his joinder with his wife as a defendant in such cases was retained, and later re-en-

acted in R. S., c. 61, § 4, in its present form. This review of the origin and growth of that section shows that from the time of the first statute, in 1852, exempting the husband from liability for the antenuptial debts of his wife, down to the present time when that exemption has been extended to all actions upon her contracts and to her torts in which he takes no part, it has always been provided that the husband might be joined with his wife as a defendant in such cases, and that provision has been retained and incorporated in each revision of the statutes. It doubtless had its origin .in the old common law rules of pleading, but whatever its origin, in the conditions of modern society it is a harmless and useless form, as under our statute no execution in such cases can issue against the husband or his property. Still it exists by statute, and it is for the legislature in its wisdom to repeal or perpetuate it and not for the court to disregard it while it remains.

It has been argued that it applies only to cases of tort committed before April 26, 1883, but that position is not tenable. It existed for more than thirty years before the statute in regard to torts was enacted ; it relates not only to torts but to all debts and contracts of the wife, and from 1852 to 1871 was the only form in which an action could be maintained on the wife's antenuptial debt for which the husband was not liable. The word "therefor" in the existing statute plainly refers to all the different causes of action before enumerated in that section. In *Burt* v. *McBain*, 29 Mich. 260, under a statute which exempted the husband's person and property from responsibility for the wife's torts, in cases where he "has been or shall be joined as a defendant with his wife," it was held that while the husband might not be a necessary party defendant, yet that he was not an improper one, and Judge Cooley who delivered the opinion of the court said: "What reason there can be for joining the husband as defendant in a suit where the judgment though rendered against him in form, can neither be satisfied from his property nor subject his person to imprisonment, it is difficult to conceive, for it would seem that he might disregard the proceedings altogether and suffer the case, as far as he is concerned, to go by default, without improving or prejudicing the case of the plaintiff

against the real defendant. . . . . There is a single liability only; the conduct of the wife and the injurious consequences resulting are alone to be considered, and the joinder of this mere nominal party can lead to no mischief. And, perhaps, this consideration may sufficiently account for the legislative recognition of the old rule in the statutes referred to; if no longer important it was nevertheless harmless, and might therefore be safely permitted to stand."

This writ commands the attachment of the husband's goods and estate, but this illegal order might be stricken out as to him, and as to him it would still remain a writ of original summons and might be legally served upon him. It is therefore amendable. *Matthews* v. *Blossom*, 15 Maine, 400. A defect in the form of a writ which is amendable is matter of abatement and cannot be taken advantage of by general demurrer. *Richardson* v. *Rich*, 66 Maine, 249; *Mahan* v. *Sutherland*, 73 Maine, 158.

It is unnecessary to discuss the numerous authorities cited by the defendant to the effect that if several persons be made defendants jointly, where the tort could not in point of law be joint, they may demur. Those citations are based upon cases in which the tort was charged to have been committed by all the defendants and no statute authorized such a joinder. Here the tort is alleged to have been committed by the wife alone and the husband is joined in conformity with the statute.

*Exceptions sustained.*