## STAPLETON v. SCHAFFER.

REFORMATION OF INSTRUMENTS—DEEDS—SUIT BY GRANTOR.
A grantor is entitled to have a deed reformed which by mutual mistake includes land not intended to be conveyed..

Appeal from Livingston; Smith, J. Submitted October 9, 1906. (Docket No. 28.) Decided November 13, 1906.

Bill by John Stapleton and another against Christopher C. Schaffer and another to reform a deed. From a decree for complainants, defendants appeal. Affirmed.

*Louis E. Howlett*, for complainants.
*Shields & Shields*, for defendants.

BLAIR, J. The bill of complaint in this case was filed to reform a deed from complainants to defendant Christopher C. Schaffer, on the ground that by mistake the deed included a strip of land off the west side of complainants' homestead 17 feet and 6 inches wide at the north end and 14 feet wide at the south end. The description of the deed is as follows:

"Village lots number thirty-five (35) and thirty-seven (37) of Crane & Brook's Plat in the village of Howell as duly laid out, platted and recorded; also a piece of land commencing at the northwesterly corner of lot number thirty-four (34) of aforesaid plat, running thence southerly on the westerly line of said lot, to the southwest corner of the same, thence westerly to the southeasterly corner of lot number thirty-five of said plat; thence northerly along the easterly line of said lot thirty-five to the northeasterly corner thereof; thence easterly to the place of beginning."

The strip of land in controversy in this suit is on the easterly side of the 4x8 piece described above by metes and bounds, and is bounded on the west by complainants' west boundary fence, and had been included in and occupied by him as part of his homestead for 39 years. The 4x8 piece was originally laid out as part of a street, but the street, as actually laid out and worked and used, ended at the east and west street bounding the property on the north, and complainant acquired the unused portion by purchase. The complainant Stapleton is a laboring man over 80 years of age, unable to write; and his son-in-law represented him in the negotiations culminating in the deed. The circuit judge found that the proofs sustained the allegations of the bill of complaint, and entered a decree for the reformation of the deed. From this decree, defendants appeal to this court.

The case involves a question of fact solely. Defendants' contention that complainants are not entitled to relief, as a matter of law, because not holding under the deed sought to be reformed—citing *Ballentine* v. *Clark*, 38 Mich. 395, and other cases—is based upon a misapplication of the principles of those cases. We think it satisfactorily appears from the testimony that the complainant intended to sell, and defendant Schaffer intended to buy, the land west of the fence. The mistake of including a strip east of the fence arose through the mistake of the son-in-law in supposing that the fence was the east boundary of the discontinued street. The defendants'

acts in improving the property and otherwise, after the deed, convince us that he supposed that he had only purchased the land west of the fence.

We think the circuit judge reached the right conclusion, and the decree is affirmed, with costs.

GRANT, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.