SCHLOSSMAN *v.* ROUSE.

1. REFORMATION OF INSTRUMENTS—MISTAKE OF FACT—DESCRIPTION OF PROPERTY.

There was no evidence of a mutual mistake warranting reformation of a contract for the sale of land where the contract called for a certain number of feet off a certain lot, being the building then occupied by defendant as a drug store, all of which lot plaintiffs expected to and did acquire title to, and defendant was aware, before signing the contract, that the drug store did not cover all of the ground, and plaintiffs were unaware of the discrepancy until after signing the same.

2. SAME—GROUNDS—MUTUALITY.

Before a contract will be reformed because of a mistake in drafting the same it must be shown by satisfactory evidence that the alleged mistake was mutual and common to both parties in interest.

Appeal from Muskegon; Sullivan, J. Submitted June 11, 1917. (Docket No. 33.) Decided July 26, 1917.

Bill by Paul J. Schlossman and others against Howard M. Rouse for a reformation of a land contract. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Carpenter & Jackson,* for plaintiffs.

*Cross, Vanderwerp & Foote* (*Todd Lunsford,* of counsel), for defendant.

KUHN, C. J. The bill of complaint in this case was filed for the purpose of obtaining reformation of a land contract made between the plaintiffs and the defendant. The plaintiffs have appealed from a decree dismissing the bill. It was made to appear that in

August, 1916, the plaintiffs were negotiating for the purchase of lot No. 10, block 310, of the city of Muskegon. On this lot there stood at that time a three-story brick building, which, with a similar building on lot No. 11, adjoining it on the west, formed the "Mason Block," apparently a single building fronting on Western avenue. There were six stores in this block, and the defendant occupied the west one on lot No. 10 as a drug store. The other two on that lot had been consolidated into one, which was occupied by the Riordan Company, engaged in the dry goods business. The plaintiffs had purchased the entire lot No. 10 for the purpose of remodeling the easterly 44 feet thereof into a picture house, and this fact was made known to the defendant when he made his purchase of the westerly 22 feet of this lot. The easterly wall of the drug store is only a lath and plaster partition. The plaintiff Schlossman, acting for his firm, called on the defendant and asked him if he would be interested in buying his store at $35,000. The sale of the property was being handled by Gilbert A. Coutchie, who, after some negotiations, concluded the sale, and a preliminary contract was executed by the parties. It is as follows:

"MUSKEGON, MICHIGAN, August 19, 1916.
"In consideration of $500 paid on account by H. M. Rouse to Paul J. Schlossman Company, the receipt of which is hereby acknowledged, the Paul J. Schlossman Company agrees to sell to H. M. Rouse and said Rouse agrees to buy the westerly 22 feet, thereabouts, of lot 10, block 310, of the revised plat of the city of Muskegon, being the building and ground now occupied by said Rouse for a drug store; balance of purchase price to be paid as follows: $4,500 on delivery of the contract of sale, $5,000 in 90 days thereafter, and $5,000 per year until purchase price of $35,000 is fully paid, with interest on deferred payments at 5 per cent. per annum.
"This agreement is made contingent on the purchase

of the entire lot 10 of block 310 by the Paul J. Schlossman Company.

[Signed] "PAUL J. SCHLOSSMAN CO.<br>"H. M. ROUSE."

The formal contract was to be drawn by attorneys representing the parties, but before it had been completed the defendant attempted to withdraw from the agreement and sent a notice to Mr. Smith, one of the plaintiffs, of his intention so to do. The plaintiffs at once brought suit upon the contract and garnished defendant's bank account. The formal contract as agreed upon was then completed and tendered to the defendant after the suit had been begun, and he finally signed it and made the first payment thereon. In it the property conveyed is described as follows:

"The westerly twenty-two (22) feet of lot ten (10), block three hundred and ten (310), according to the revised plat of the city of Muskegon, approved April 9, 1903, together with the building situated thereon, with the privileges and appurtenances thereunto belonging."

Before the final contract was signed the defendant measured the premises and ascertained that the westerly 22 feet of lot 10, which he was purchasing from the plaintiffs, included more than the land occupied by the drug store, because by actual measurement he found the drug store to be only 20 feet in width. The plaintiffs claim that they were not aware of this, and did not discover that the drug store was only 20 feet in width until the final contract had been signed, and they thereupon prepared a new contract, correcting the mistake, and tendered it to the defendant for execution. This he declined to do, and thereupon this bill was filed.

It is the contention of counsel for the plaintiffs that it was the intention of the parties to this transaction to sell nothing more than the drug store, and thus the

197—Mich.—26.

contract did not express the true intention and meaning of the parties, and that therefore equity should reform the instrument to accord with the true intention of the parties. It does not conclusively appear, however, that the defendant was simply negotiating in this transaction for the purchase of the drug store. The record is rather convincing that he had in mind the frontage, which it is conceded is valuable. The plaintiff Schlossman himself testified:

"I remember, during the time that we were negotiating with Rouse and trying to persuade him to buy this property, the westerly 22 feet of lot 10, telling him that Judge Clink claimed the property on Western avenue along there was worth $2,000 a foot."

The defendant testified as follows, in reference to this conversation:

"He made some reference to Judge Clink at one time after this contract of August 19th had been signed. I think it was after I had sent this note of August 25th, in which I wanted to drop the whole matter. He was passing along the street. I stood out in front, and he made the remark that Mr. Clink, Judge Clink, said that real estate along the avenue was worth $2,000 a foot, and then he figured it out to me that the difference between $35,000 and $44,000 was a nice little sum to make in a deal.

"Q. How many feet did you understand that they were proposing to sell you?

"A. I understood one-third of the block there. At the time I agreed to pay $35,000 I knew what the Schlossman Company were paying for the entire lot. I think about that time; just at that time, I don't know. He had a contract."

We are of the opinion that what was intended to be done, according to the understanding of the parties, was that plaintiffs were to sell the defendant 22 feet fronting on Western avenue, because in the initiatory agreement, and also in the formal contract, both of which were prepared by an attorney for the plaintiffs,

the property is so described. Indeed, it is admitted that at the time these agreements were signed they supposed the drug store situated upon the premises was 22 feet in width. This is what they were trying to sell, and this is what the defendant bought. The only misapprehension, if any, upon the part of the plaintiffs, was in assuming that the drug store occupied the entire width of the property which they were contracting to sell. We are satisfied by the proof that the plaintiffs intended to sell, and the defendant intended to buy, one-third of the entire lot 10, which was 66 feet in width. We are therefore forced to the conclusion that there was no mistake which would warrant the court in granting the relief sought.

Moreover, conceding that there was a mistake, it was not a mutual mistake, because it is conceded that defendant knew the exact width of the drug store to be only 20 feet at the time the contract was signed. Before a contract will be reformed because of a mistake in drafting the same, it must be shown by satisfactory evidence that the alleged mistake was mutual and common to both parties in interest. *West* v. *Mahaney,* 86 Mich. 121 (48 N. W. 709); *Burns* v. *Caskey,* 100 Mich. 94 (58 N. W. 642).; *Eberle* v. *Heaton,* 124 Mich. 205 (82 N. W. 820); *Stapleton* v. *Schaffer,* 146 Mich. 346 (109 N. W. 665); *Miles* v. *Shreve,* 179 Mich. 679 (146 N. W. 374).

The decree of the lower court, dismissing the bill, is affirmed, with costs to the defendant.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.