[Civ. No. 1921.  Third Appellate District.—April 14, 1919.]

## ELIZABETH A. STOCK, Respondent, v. O. F. SITES, Appellant.

[1] STREET LAW — VROOMAN ACT — CAREFUL ESTIMATES OF COSTS AND EXPENSES—FURNISHING BY CITY ENGINEER—COMPLIANCE WITH ACT —PLEADING.—In an action to quiet title against a lien arising out of the issuance of a bond for street improvements, an allegation in the answer "that before the passing of the resolution . . . careful estimates of the costs and expenses thereof had been required by it to be furnished to said common council by the city engineer of said city," in the absence of special demurrer, shows a sufficient compliance with section 3 of the Vrooman Act, which provides that "before passing any resolution for the construction of said improvements, plans and specifications, and careful estimates of the cost and expenses thereof *shall be furnished* to said city council *if required* by it, by the city engineer of said city."

[2] ID.—STATEMENT OF ESTIMATES—WHAT CONSTITUTES.—A furnishing by the city engineer of specifications or a specification of "a careful estimate" is in substance and effect the furnishing by him of a statement of the estimates.

APPEAL from a judgment of the Superior Court of Santa Clara County.  W. A. Beasly, Judge.  Reversed.

The facts are stated in the opinion of the court.

Hoefler, Cook & Snyder, L. M. Hoefler and George F. Snyder for Appellant.

Beggs & McComish for Respondent.

BUCK, P. J., *pro tem.*—This is an action to quiet title against a lien arising out of the issuance of a bond for street improvements on plaintiff's lot in the city of San Jose. Plaintiff had judgment, from which defendant appeals.

Appellant's contention in this case that the street in question had not been previously accepted has been sustained by the supreme court in the case of *Ransome-Crummey Co.* v. *Bennett,* 177 Cal. 560, [171 Pac. 304].

Also respondent's contention that the Bond Act under which the bond in question was issued does not apply to San

Jose has been recently disposed of in appellant's favor by this court in the case of *Ahlman* v. *Barber Asphalt Paving Co. et al., ante,* p. 395, [181 Pac. 238].

[1] Further, for the purpose of sustaining the judgment, respondent in this court contends for the first time that from a certain paragraph in defendant's answer and the finding made thereon it appears "that there was no authority in law to issue" the bonds in question. Respondent quotes as follows from the answer and finding: "That before the passing of the resolution . . . careful estimates of the costs and expenses thereof had been required by it to be furnished to said common council by the city engineer of said city."

Relying upon this, respondent claims that the bond issue is defective because it does not appear from defendant's answer and finding herein that there was a compliance with section 3 of the Vrooman Act, which provides that "before passing any resolution for the construction of said improvements, plans and specifications, and careful estimates of the cost and expenses thereof *shall be furnished* to said city council *if required* by it, by the city engineer of said city."

Respondent filed no demurrer, either special or general, attacking the foregoing allegation and the finding was made accordingly. But it should be noted that the allegation and finding contained also the following language immediately following the language quoted and relied upon by counsel: "We believe that this language, in the absence of any special demurrer, possesses sufficient scope and pregnancy to supply the defect indicated by counsel. The language being as follows: " . . . and *special specifications therefor* had been furnished by him and had been filed in the office of the said city clerk on the eighth day of April, 1912." The words "special specifications *therefor*" can be deemed to refer to and embrace the "careful estimates of the costs and expenses."

[2] And certainly a furnishing by the city engineer of specifications or a specification of "a careful estimate" is in substance and effect the furnishing by him of a statement of the estimates. The Century Dictionary gives as one of the meanings of "Specification: An act of specifying, or making a detailed statement, or the statement so made; a definite or formal mention of price; as, a specification of one's requirements, for example, 'all who had relatives or friends in this predicament were required to furnish a specification of them':

Prescott, Ferd. & Isa., 1, 7." And for an example of the scope of the word "therefor," see *Hutchinson* v. *City of Olympia,* 2 Wash. Tr. 314, [5 Pac. 606, 607]; *Marcus* v. *Rovinsky,* 95 Me. 106, [49 Atl. 420, 421].

Also, the form of expression used by the pleader to convey the above idea of compliance with the statute has received a certain countenance and approval in this state from its use in the well-known California text-book, Page on California Street Law, page 891, section 7.

Also, if there had been a special demurrer, it does not appear that the facts were such that the answer could not have been so amended as to obviate the objections made. (*Ransome-Crummey Co.* v. *Bennett, supra.*)

The judgment is reversed.

Hart, J., and Burnett, J., concurred.