[No. 13978.   In Bank. — April 2, 1891.]

## P. A. MILLER, RESPONDENT, v. ELI MAYO, APPEL-
LANT.

STREET ASSESSMENT — FORECLOSURE — TERMS OF ASSESSMENT — COMPLI-
ANCE WITH STATUTE — PLEADING.— In an action to foreclose a lien for
a street assessment, the complaint should allege that the assessment was
made in the terms prescribed by the statute, and a complaint alleging
that the assessment was made "upon the property benefited by said
street improvement" does not show a compliance with the statute pro-
viding that the expenses incurred "shall be assessed upon the lots and
lands fronting thereon, each lot or portion of a lot being separately
assessed in proportion to the frontage."

ID. — IMPROVEMENT OF STREET, INCLUDING CROSSING. — POSTING OF NOTICES.
— An allegation in the complaint, that after the resolution of intention
had been passed by the board of trustees for the grading and graveling of
two blocks upon the same street, the street commissioner " caused to be

conspicuously posted along said contemplated work more than three notices of resolution at less than three hundred feet in distance apart," shows a sufficient compliance with the statute in regard to the posting of the notices; and the fact that the work included a street-crossing does not render it necessary that notice be also posted in front of each quarter-block liable to be assessed.

ID. — BOND OF CONTRACTOR — APPROVAL BY STREET SUPERINTENDENT — DEFENSE TO ASSESSMENT. — A property owner cannot, in an action to foreclose a lien for a street assessment, object to the correctness of the assessment by reason of the omission on the part of the superintendent of streets to approve the bond of the contractor.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Clinton L. White*, for Appellant.

A complaint to recover a street assessment must show a compliance with all the steps prescribed by statute to confer jurisdiction on the board, and unless all the provisions of the statute, prior to the award of the contract, are complied with, the defendant is not liable for the assessment. (*Himmelman* v. *Danos*, 35 Cal. 441; *People* v. *Jackson*, 24 Cal. 630; *Rhoda* v. *Alameda*, 52 Cal. 350; see also *People* v. *Holladay*, 25 Cal. 300; *Burrell* v. *Haw*, 40 Cal. 373.)

*Frank D. Ryan*, for Respondent.

Where the work proposed is the improvement of a main street, as in the case at bar, the posting of notices at distances less than three hundred feet apart is in compliance with the provisions of section 3 of the street law. (See act of March 18, 1885, sec. 3.) The allegation in plaintiff's complaint, that the street commissioner made the assessment upon the property benefited by said street improvement, is a sufficient allegation. The whole principle and standard upon which assessments for street purposes are levied is, that the assessment be levied upon the property benefited by the improvement.

(*People* v. *Lynch*, 51 Cal. 15; 21 Am. Rep. 677; *Whiting* v. *Quackenbush*, 54 Cal. 306.)

The COURT.— This action was brought to foreclose a lien for a street assessment upon real property of the defendant. A demurrer was filed to the complaint, which was overruled and answer filed. Trial was had, resulting in a judgment for the plaintiff, as prayed for. From that, and an order denying a new trial, the appeal is taken.

1. The demurrer to the complaint should have been sustained. Section 7 of the act of March 18, 1885, under which the work was authorized, provides that "the expenses incurred for any work authorized by section 2 of this act . . . . shall be assessed upon the lots and lands fronting thereon, each lot or portion of a lot being separately assessed in proportion to the frontage." The complaint herein alleges "that immediately after the completion of said street work, said street commissioner proceeded to and did make an assessment upon the *property benefited by said street improvement.*" This was not a compliance with the statute, and although it may be a fact that the lots and lands fronting upon the improvement was the only property which was benefited thereby, yet for the purpose of alleging a cause of action, the complaint should have alleged that the assessment was made in the terms prescribed by the statute.

2. The board of trustees declared their intention to order Twelfth Street, from J Street to L Street, to be improved by grading and graveling. This included the crossing of K and Twelfth streets. It is alleged in the complaint that after the resolution of intention had been passed by the board of trustees, the street commissioner "caused to be conspicuously posted along said contemplated work more than three notices of said resolution at less than three hundred feet in distance apart." The defendant in his demurrer objects to the sufficiency of

the complaint in this respect. We think, however, that the complaint alleges a sufficient compliance with the statute. Section 3 of the act aforesaid provides that after the resolution of intention has been passed, "the street superintendent shall thereupon cause to be conspicuously posted along the line of said contemplated work or improvement, at not more than three hundred feet in distance apart, but not less than three in all, or when the work to be done is the improvement of an entire crossing, in front of each quarter-block liable to be assessed, notices of the passage of said resolution." The appellant contends that, inasmuch as the work provided for included the crossing, it was necessary for the street superintendent to post the notices of the resolution not only at intervals of less than three hundred feet along the line of the work, but also in front of each quarter-block liable to be assessed. The statute, however, does not require such posting. The proviso in section 3, above quoted, "or when the work to be done is the improvement of an entire crossing in front of each quarter-block liable to be assessed," is in the disjunctive, and is to be construed as being a separate direction from that with which it is connected. If the work ordered to be done "is the improvement of an entire crossing," then the notices of the resolution must be posted "in front of each quarter-block liable to be assessed," but for any other work the direction is, that the notices shall be posted "along the line of said contemplated work or improvement."

In the present case, "the line of the contemplated work or improvement" was Twelfth Street, from J to L, and the allegation in the complaint, that the notices were posted along that line, is a sufficient compliance with the requirements of the statute.

3. The testimony offered at the trial sufficiently proved that the official grade of Twelfth between J and L had been established by proper authority.

4. The allegation in the complaint, that the bond given by the plaintiff at the time of executing the contract had been approved by the board of trustees instead of by the superintendent of streets, is immaterial in this action. A failure to execute a bond that should be satisfactory to the superintendent of streets might be a sufficient reason for the superintendent to refuse to enter into the contract with the contractor, but after the work has been completed to the satisfaction of the superintendent of streets, the property owner cannot object to the correctness of the assessment by reason of the omission on the part of the superintendent to approve the bond of the contractor.

The judgment and order denying a new trial are reversed, and the court below is directed to sustain the demurrer to the complaint, with leave to the plaintiff to amend, if he shall be so advised.