[No. 802.  Decided March 28, 1893.]

W. R. LOTZ, *Respondent*, v. THE COUNTY OF MASON, *Appellant*.

APPEAL — AMOUNT IN CONTROVERSY

An appeal will not lie from a judgment where the original amount in controversy is less than $200, and does not involve the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute, although the action may be for the recovery of a portion of a stipulated price under a contract which, in the aggregate, exceeds $200 in amount.

*Appeal from Superior Court, Mason County.*

*C. W. Hartman*, for appellant.

*J. E. Sligh*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—Respondent moves to dismiss the appeal herein, assigning among other reasons, the original amount in controversy, which does not exceed the sum of $200. Sec. 4 of art. 4 of the constitution of the State of Washington provides that the supreme court shall have appellate jurisdiction in all actions and proceedings, excepting that its appellate jurisdiction shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy, or the value of the property, does not exceed the sum of $200; unless the action involves the legality of a tax, impost, assessment, toll, municipal fine or the validity of a statute.

The original amount in controversy here is less than $200, being $108. The action in no way involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute. It is true that the determination of the questions presented to the court by the submitted case determines the right of plaintiff to recover other claims amounting in all to more than $200, but this action was brought for the recovery of $108, and no judgment could have been obtained in this action for more than that sum.

It seems plain, therefore, that the case falls within the constitutional limitation, and hence the appeal will be dismissed for want of jurisdiction in this court.

HOYT and SCOTT, JJ., concur.

STILES, J. (*concurring*).—I concur in the disposition of this case made by the majority of the court; but I do not

desire to be understood as in anywise agreeing that the plaintiff below, at the time the agreed case was submitted, had any cause of action whatever against the county. The case recites that he had máde a contract with the sheriff to publish summons in one hundred and eight delinquent tax cases at $2.40 each, and that he had completed the publication of but forty-five of them. Not having completed his contract he was *prima facie* not entitled to anything, and his claim for $108 was properly rejected. A party cannot split a demand and have judgment for part of it, or recover upon an entire contract for the fulfilled portion of it. Especially should no such proceeding be permitted when the effect is to deprive the other party of an appeal.

But in this case the county, by its stipulation, has made it to appear that the contract was severable, and if it has lost its appeal no one is to blame but itself.

ANDERS, J., not sitting.