[S. F. No. 1284.   Department Two.—April 6, 1900.]

## MONROE GREENWOOD, Respondent, v. A. F. MORRISON, Appellant.

STREET IMPROVEMENT—AWARD OF CONTRACT — OPTIONAL APPROVAL BY MAYOR OR COUNCIL.—The award of a contract for a street improvement is not required to be presented in the first instance to the mayor for his approval, but the award may be approved in the first instance either by the mayor or by a three-fourths vote of the city council.

ID.—DEFECTIVE PRELIMINARY BOND ACCOMPANYING PROPOSAL FOR CONTRACT—IRREGULARITY NOT JURISDICTIONAL.—An irregularity in the preliminary bond accompanying a proposal for the contract, by making the bond a few dollars less than ten per cent of the aggregate amount of the proposal, is not jurisdictional, and does not vitiate all subsequent proceedings. The preliminary bond has served its purpose when the contract has been awarded, and the bond for the due performance of the work has been entered into; and the property owner cannot object to the preliminary bond, if the work has been performed under the contract to the satisfaction of the authorities.

ID.—MODE OF ASSESSING BENEFITS—CONSTITUTIONAL LAW.—Subdivision 12 of section 7 of the street law of 1891 (Stats. 1891, p. 204) is not unconstitutional in directing the street superintendent to assess benefits without prescribing the precise mode of assessment.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Morrison, Foerster & Cope, and Morrison & Cope, for Appellant.

D. H. Whittemore, for Respondent.

HENSHAW, J.—The action was to foreclose the lien of a street assessment, and the appeal is from the order of the court denying defendant a new trial. Appellant first contends in his attack upon the findings that the award was never approved by the mayor, and that the finding that it was approved by three-

fourths of the city council is not supported.   The street law provides (Stats. 1891, pp. 199, 200) that the board "may award the contract to the lowest responsible bidder, which award shall be approved by the mayor or· a three-fourths vote of the city council."   It appears that after making the award the city council by a three-fourths vote did approve it, but the argument of appellant is that the award should have been presented first to the mayor for approval, and that only upon his refusal could the right of the city council to approve be called into exercise. This argument, however, is not we think borne out either by the language of the statute, or by that of our adjudications.   Had its meaning been that for which appellant contends, it would have been most natural to have said that the award shall be approved by the mayor, or, after his refusal so to do, by a three-fourths vote of the city council.   As it is, however, the legislature has left the matter of approval optional either with the mayor or with the council.   In *McDonald v. Dodge*, 97 Cal. 112, a reversal was sought because the resolution ordering the work and the award were not presented to nor approved by the mayor. It is said that the necessary proceedings to and including the order for the work were duly taken by the board of supervisors, and the award was approved by a three-fourths vote of the board.   "This was sufficient."   (See, also *Clarke v. Jennings* (Cal. 1893), 32 Pac. Rep. 1049.)

The bond which accompanied the proposal of the contractor to do the work and which should have been in an amount equal to ten per cent of the aggregate amount of the proposal, appears to have been in fact for a sum thirty-three dollars less than the requisite amount.   It is argued from this that all subsequent proceedings were vitiated, and that the assessment must fall. But the purpose of this preliminary bond was only to assure the board that the bidder would enter into the contract, if awarded to him, and to penalize him for his failure so to do.   While it would be irregular for the city council to countenance a bond or certified check for an amount less than that required by the statute, the irregularity would not be jurisdictional.   The preliminary bond has served its purpose when the contract has been awarded, and the subsequent undertaking conditioned upon the due performance of the work has been entered into.   It does not

lie with the property owner to raise an objection to the sufficiency of this preliminary undertaking after a contract has regularly been entered into, the bond for its due performance given as required by law, and the work performed to the satisfaction of the authorities. In *Miller v. Mayo*, 88 Cal. 568, it is held that after work performed the property owner may not be heard to complain of the assessment upon the ground that the contractor's bond was not approved by the superintendent of streets as required by law. In *Girvin v. Simon*, 116 Cal. 604, it is declared that the action of the city council in rejecting a lower bid from one who had been found to be delinquent, and making an award to the highest bidder, was within its power, and that its determination is conclusive upon the question. The bond has long since served its purpose, and no possible injury has or could have resulted to the property owner because of the insufficiency of the amount.

The contention that subdivision 12 of section 7 of the street law (Stats. 1891, p. 204) is unconstitutional, in directing the street superintendent to assess benefits without prescribing the precise mode, is, we think, disposed of upon the authority of *Harney v. Benson*, 113 Cal. 314; *O'Rielley v. Kingston*, 114 N. Y. 439.

The order appealed from is therefore affirmed.

Temple, J., and McFarland, J., concurred.