[S. F. No. 6859. In Bank.—February 20, 1918.]

RANSOME-CRUMMEY COMPANY, Appellant, v. S. F. BENNETT et al., Respondents.

APPEAL—DEFECT IN PLEADING—OBJECTION NOT AVAILABLE TO SUSTAIN JUDGMENT.—Where, after a demurrer to a complaint which ought to have been sustained has been overruled, the defendant having answered, a trial on the merits results in a judgment in his favor, which appears by the record to be in no way based on, or due to any defect in the complaint, the defendant, on an appeal by the plaintiff from the judgment, will not be heard to urge the defect in the complaint as a ground for affirming the judgment, unless the appellate court can see that the defect in the pleading is one that cannot be obviated by amendment.

STREET IMPROVEMENT—FORECLOSURE OF ASSESSMENT LIEN—PLEADING—SUFFICIENCY OF COMPLAINT.—As against the objection that a complaint in an action to foreclose the lien of an assessment for a street improvement does not state facts sufficient to constitute a cause of action, by reason of the showing therein that the resolution of intention was fatally defective in its description of the location of the proposed work, the complaint was sufficient when it could not be determined *from the face of the description* that it was either void or uncertain.

Id.—Bond of Contractor—Surety not of Class Designated by City Charter—Defense not Available.—After the successful bidder has entered into the contract, and the work contracted to be done has been fully done in accordance with the contract, to the satisfaction of the proper officers and accepted, the fact that the surety on the various bonds given by the bidder when tendering the bid, and by the contractor on entering into his contract, one for the benefit of persons furnishing labor and materials, and the other for faithful performance of the contract, was not of the class designated by the city charter, is not available as a defense in an action to foreclose the lien of the assessment.

Municipal Corporations—San Jose Charter—Street Law—Vrooman Act.—In view of the express provision of the freeholders' charter of the city of San Jose adopted in 1897 (Stats. 1897, p. 592), adopting and making part of itself, *where not inconsistent with its express provisions,* the general street law commonly known as the Vrooman Act (Stats. 1885, p. 147), the charter provisions in relation to street improvements prevail over those of the Vrooman Act whenever a conflict exists.

Id.—San Jose Street Improvements—Foreclosure of Assessment Lien—Affidavit of Noncollusion by Bidder—Affidavit of Contractor Negativing Private Agreement.—Provisions of the charter of San Jose relating to street improvements require every bid for street work to be accompanied by an affidavit to the effect that it is not sham and also require the contractor before the making of any assessment to file another affidavit negativing any private agreement to accept a less price than the contract price or to make any rebate or deduction from the contract, and a complaint in an action to foreclose the lien of a street assessment under that charter which fails to show the filing of such affidavits does not state facts sufficient to constitute a cause of action.

Id.—General Law Adopted as Part of City Charter—Subsequent Repeal of Section of General Law.—The charter of the city of San Jose, having adopted the general street law of 1885 (the Vrooman Act), "as since amended and as hereafter shall be amended," and the legislature having in 1911 (Stats. 1911, p. 626), repealed section 20 of the Vrooman Act which provided substantially that after acceptance by a city council, by ordinance, of any street or portion of a street as fully constructed, such street or portion of a street should thereafter be kept in repair by the city, that repeal by the legislature had the effect of rendering effective an ordinance of the city previously adopted accepting a street pursuant to the repealed section, and the ordinance, therefore, constituted no defense to an action on an assessment for subsequent improvement work on such street.

CLXXVII Cal.—36

APPEAL from a judgment of the Superior Court of Santa Clara County.   J. R. Welch, Judge.

The facts are stated in the opinion of the court.

R. M. F. Soto, for Appellant.

Will M. Beggs, R. C. McComish, and Beggs & McComish, for Respondents.

Morrison, Dunne & Brobeck, J. A. Cooper, L. M. Hoefler, George F. Snyder, Fabius T. Finch, and Paul F. Fratessa, *Amici Curiae.*

ANGELLOTTI, C. J.—This is an action by a street contractor to foreclose the lien of a street assessment on account of street improvements in the city of San Jose.  Defendant Bennett was sued as the owner of the property, the other defendants being alleged to have or claim some interest or lien which, if it exists, is subject to plaintiff's alleged lien. Defendants had judgment and plaintiff appeals therefrom on the judgment-roll alone.  By a decision heretofore rendered by this court the judgment was affirmed, but that decision was vacated and a rehearing granted for the purpose of giving further consideration to some of the questions involved.

In the superior court a demurrer was interposed to the complaint by defendant Bennett and it was overruled.  All the defendants answered and the case was tried upon the merits.  Findings were filed which, while in the main in favor of the plaintiff as against Bennett, were in two respects (hereinafter to be considered) in accord with affirmative allegations of his answer.  It was upon these two matters that the court below based its judgment for defendant Bennett, notwithstanding that it found all of the material allegations of the complaint to be true.  On this appeal, the defendants (respondents) insist, in support of the judgment, that the complaint did not state facts sufficient to constitute a cause of action, and that for this reason, regardless of any other, the judgment must be affirmed.  Appellant, while claiming that the complaint sufficiently states a cause of

action, insists that under the circumstances, respondents cannot be heard to make this objection on this appeal.

It was urged in respondents' brief that the complaint was insufficient in two respects. One objection was that it showed that the resolution of intention for the work was fatally defective in its description of the location of the proposed work. As to this objection, the district court of appeal of the first district, in deciding this case, substantially said that it could not be determined from the face of the description that it is either void or uncertain, and that in considering the question of the sufficiency of the pleading it must be regarded as sufficient. In this view we concur.

The other objection to the complaint in this behalf is based upon the failure of the complaint to specifically allege the making and filing of the "non-collusion affidavit" and the "non-private agreement affidavit." To a proper understanding of this claim, as well as the other objections urged against the assessment, it is necessary to make a brief statement. The freeholders' charter of the city of San Jose, adopted in the year 1897 and in force at the time of these proceedings, adopts and makes part of itself, where not inconsistent with its express provisions, the general street law, commonly known as the Vrooman Act, [Stats. 1885, p. 147], as the said law was at the time of the adoption of the charter, and as such law "hereafter shall be amended." In view of the express provision of the charter to that effect, its provisions prevail over those of the Vrooman Act wherever a conflict exists. (*Barber Asphalt Paving Co.* v. *Costa,* 171 Cal. 138, [152 Pac. 296].) A charter provision requires that each bid for street work shall be accompanied by the affidavit of the bidder to the effect that his bid is genuine and not collusive or sham, and that he has not connived or agreed, directly or indirectly, with any other bidder or person to put in a sham bid, etc. Another provision requires that before any assessment is made, the contractor must file another affidavit "to the effect that he has not entered into any private agreement, verbal or written, with any person liable to be assessed for said work, or with anyone in his behalf, to accept a price from him less than the price named in said contract, nor to make any rebate or deduction to him from such price." The filing of these affidavits is essential to a valid assessment, and a complaint in an action to foreclose such an

assessment which fails to show such filing does not state facts sufficient to constitute a cause of action. (*Barber Asphalt Paving Co.* v. *Costa, supra.*) The complaint here does not specifically allege the filing of these affidavits, and on this ground respondent claims it is fatally defective. Appellant claims that, by necessary inference from the matters specified in the complaint, such filing is sufficiently shown. For the purposes of this decision we shall assume that there was no sufficient allegation in this behalf. The question then is whether respondents should be heard, under the circumstances shown by the record, to use the language of our former opinion in this case, to urge the point, not in reversal, but in support of the judgment which they recovered upon wholly different grounds. The record demonstrates that the court adhered to its order overruling the demurrer throughout the case. The action was tried upon the merits. The findings recite that "witnesses were sworn and examined, and evidence introduced on behalf of the respective parties and the cause submitted to the court for decision." It is obvious that appellant was permitted to introduce evidence in support of all the allegations of its complaint, for the court found that all of the allegations of the complaint except that as to the inferiority of the lien of the defendants other than Bennett are true. There were two findings in favor of Bennett, based upon affirmative allegations of his answer, one to the effect that the roadway of the street had previously been accepted by the city with an agreement to keep the same in repair thenceforth, and the other to the effect that the bonds furnished by the contractor were not in accord with the requirements of the charter of San Jose. In its conclusions of law the court said "as conclusions of law from the foregoing facts, the court finds," etc. The judgment given for defendants (respondents) was not one of nonsuit, nor was it a judgment on the pleadings. By its very terms it was based on the findings of fact, and in so far as Bennett was concerned was manifestly based on the conclusion of the court as to the legal effect of the findings on the affirmative allegations of the answer to which we have referred. It does not appear that the facts were such that the complaint could not have been so amended as to obviate the objection made.

We are satisfied that under the circumstances this court should not affirm the judgment on account of this defect in the complaint, and that to do so would manifestly be most unjust. It is true that a defendant does not waive such an objection by answering and proceeding to trial, and that he will be heard to urge it on his appeal from any judgment based thereon by which he is aggrieved. But he will not always be heard to invoke such an objection to sustain a judgment or order in his own favor based on other grounds. It has been held by this court that on an appeal by a plaintiff from an order dismissing an action made under subdivision 7 of section 581 of the Code of Civil Procedure, the defendant will not be heard to urge the insufficiency of the complaint to state a cause of action as a ground for affirmance, if the court cannot see that the objection cannot be obviated by amendment (*Pacific Pav. Co.* v. *Vizelich,* 141 Cal. 4, [74 Pac. 352]), and that the same thing is true on an appeal by a plaintiff from an order denying his motion for a new trial, the court saying, among other things: ''At all events this is true in cases like this where the alleged defect is merely technical and can be remedied by an amendment.'' (*County Bank of San Luis Obispo* v. *Jack,* 148 Cal. 437, [113 Am. St. Rep. 285, 83 Pac. 705].) In our former opinion it was said, through Mr. Justice Henshaw:

''It will not be held in such a case as this, for the reasons briefly to be given, that a defendant whose general demurrer has been overruled and who has thereafter gone to trial and secured a judgment upon some wholly foreign ground to that presented by the general demurrer, can have that judgment sustained because of the defect in the complaint. The reason is that the law strongly favors the determination of litigation upon the merits, and that uniformity in the administration of justice is a fundamental right. (*San Jose Ranch Co.* v. *San Jose Land & Water Co.,* 126 Cal. 322, [58 Pac. 824].) Conceding respondent's contention that his grounds of general demurrer were well taken, the court in overruling that demurrer thereby declared to the litigants its conviction that the complaint was sufficient. Had it sustained the demurrer plaintiff as matter of right would have been entitled to amend and by this amendment these issues would perhaps have been eliminated from the case. . . . Thus by the method here invoked a litigant with whom the court

rules as to the sufficiency of his complaint will, because of the error of the trial court, be forever debarred from the right to a trial of his cause of action upon the merits. The true principle we conceive to be this: That if after general demurrer to the complaint has been overruled, it shall be made to appear upon an appeal such as this that the complaint is not amendable in the particular complained of, then the respondent on appeal will be heard to urge this fact in support of the judgment. Such was the case presented in *Bell* v. *Thompson*, 147 Cal. 689, [82 Pac. 327], where the respondent on appeal urged the insufficiency of the complaint to charge a cause of action. This court upheld the contention and said: 'The absence of this necessary averment doubtless arose from the fact that it was impossible for the pleader under the facts to make such an allegation.' But where, as here, it is not made to appear that the complaint was not amendable, it would be manifestly unjust to permit the respondent to support a judgment upon a ground which the trial court refused to recognize as valid, when, if it had recognized it as valid, the plaintiff could and would have met the objection by amendment.'' To these views we adhere. We are, of course, speaking only of a case in which the record makes it manifest that the judgment given for the defendant was in no way based upon or due to any defect in the complaint.

As to the finding of a previous acceptance by ordinance of August, 1889, of the roadway of the street by the city of San Jose, with the agreement on its part to thereafter keep the same in repair, the material facts, very briefly stated, are as follows: The only legal basis for such an acceptance was to be found in section 20 of the Vrooman Act, as it then existed. This section substantially provided that whenever any street or portion thereof has been or shall be fully constructed to the satisfaction of the superintendent of streets and of the city council, and is in good condition throughout, etc., the same shall be accepted by the city council, by ordinance, and thereafter shall be kept in repair and improved by the city. According to the finding such an ordinance was adopted by the city in August, 1889, as to the roadway here involved. We shall assume that the facts were such as to authorize the enactment of this ordinance under this section, and that it was a valid enactment precluding further repair and im-

provement of the roadway at the expense of the property fronting thereon for so long as it remained effective. But section 20 of the Vrooman Act was repealed on April 5, 1911, [Stats. 1911, p. 626], and there was not when the proceeding for street work here involved was subsequently commenced any such provision either in the Vrooman Act or the freeholders' charter of the city of San Jose. As to this repeal, and the effect thereof, it was said in our former opinion:

"Appellant contends that the repeal struck dead the ordinance of acceptance. Respondent makes answer that when the charter of San Jose in 1897 adopted the Vrooman Act as part of itself, that act became a part of the charter, beyond legislative control, and that consequently the repeal by the legislature of section 20 did not affect the validity and vitality of that section, so made a part of the charter, which continued to be the subsisting law of San Jose. It is true that a freeholders' charter adopted as was this, is amendable only in the manner prescribed by section 8, article XI, of the constitution, and that in municipal affairs the provisions of such charter are paramount to general laws covering the same subject matter. But San Jose's freeholders' charter in terms declares (art. VIII, chap. I, sec. 1, charter of San Jose; Stats. 1897, p. 615), that the general street law of 1885 'as since amended and as hereafter shall be amended, is hereby adopted as a part of this charter.' And where such a charter thus makes a part of itself a general legislative enactment pertinent to the administration of its municipal affairs, and expressly provides that that enactment as thereafter it may be modified by the general legislature shall still be the controlling law of the municipality, such modification by way of amendment of the general law which the legislature may enact is not within the prohibition of the constitution, which is designed to prevent the autonomy of the city in its municipal affairs from being limited, affected or impaired by the general legislature *without consent of the city,* and it is therefore held that the legislative repeal of section 20 of the Vrooman Act operated to repeal the power conferred upon the city of San Jose in the matter under consideration.

"As to the effect of that repeal but little need be added to what has gone before. The exemption from future taxation awarded to property owners who have paid for the

improvement of a street fronting on their land is a gratuity—
a privilege conferred by the supreme law-making power,
the legislature, containing in it no element of contract, con-
ferring upon the property owners no vested right and there-
fore subject to repeal by the legislature at any time, without
inflicting upon the property owner any grievance of which
he can be heard to complain. It is true that his property
is exempt while the law of exemption remains upon the books,
but when in its wisdom the legislature sees fit to withdraw
this favor the exemption is at an end. So says Cooley
(Const. Lim., 7th ed., 396) : 'For it is conceded on all sides,
that if the exemption is made as a privilege only, it may
be revoked at any time. And it is but reasonable that the
exemption be construed with strictness.'. Upon the subject
matter the decisions are uniform and harmonious. (*City of
Seattle* v. *Kelleher,* 195 U. S. 351, [49 L. Ed. 232, 25 Sup.
Ct. Rep. 44] ; *Ettor* v. *Tacoma,* 228 U. S. 148, [57 L. Ed. 773,
33 Sup. Ct. Rep. 428] ; *Carstens* v. *Fond du Lac,* 137 Wis. 465,
[119 N. W. 117] ; *Bradley* v. *McAtee etc.,* 70 Ky. 667, [3
Am. Rep. 309] ; *Broadway Baptist Church* v. *McAtee,* 71
Ky. 508, [8 Am. Rep. 480] ; *Ladd* v. *City of Portland,* 32 Or.
271, [67 Am. St. Rep. 526, 51 Pac. 654] ; *City of Rochester*
v. *Rochester Ry. Co.,* 182 N. Y. 99, [70 L. R. A. 773, 74 N. E.
953] ; *Durkee* v. *City of Barre,* 81 Vt. 530, [71 Atl. 819] ;
*Miller* v. *Hageman,* 114 Iowa, 195, [86 N. W. 281] ; *People
ex rel. Coney Island Jockey Club* v. *Puddy,* 152 App. Div.
175, [136 N. Y. Supp. 667].) " To these views we adhere.
It follows that the facts embraced in this finding constitute
no defense to plaintiff's action.

As to the finding in regard to the bonds, which was simply
that the various bonds furnished by plaintiff "were not bonds
by individual sureties, nor were they given by a corporation
organized under the laws of the state of California as pro-
vided by the charter of the city of San Jose." The charter
contained a provision to the effect that no surety on any
bond required in such proceeding shall be taken unless he be
a resident freeholder in the State of California, and further
that a bond of a surety company organized under the laws of
the state of California may be taken if approved by the mayor
and common council. The first bond here involved was one
given by the contractor when tendering his bid for the con-
tract to the common council, the Vrooman Act prohibiting

the consideration of any bid unless accompanied by a check or a bond, the penalty being in the nature of liquidated damages to the city, in case the bidder after receiving the award failed to enter into the contract. The second and third were bonds required by such act to be given by the contractor on entering into his contract, one inuring to the benefit of all persons, etc., performing services or furnishing material to the contractor for the work and the other in favor of the city, conditioned for the faithful performance by the contractor of his contract. All of these bonds were given, and they were all, according to the findings, "good and sufficient." The bid of the contractor, accompanied by the first bond, was considered and the contract awarded to plaintiff. It thereupon entered into the contract. The second and third bonds were accepted and approved by the proper officers. The work contracted to be done was fully done in accord with the contract to the satisfaction of the proper officers and accepted. The question is whether under these circumstances the fact that the surety on these bonds, otherwise good and sufficient, was not of the class designated by the charter, is available as a defense in an action to foreclose the lien of the assessment. We think this question is correctly answered in the negative by what was said and held in *Miller* v. *Mayo,* 88 Cal. 568, [26 Pac. 364], and *Greenwood* v. *Morrison,* 128 Cal. 350, [60 Pac. 971], and on further consideration we are satisfied that *Manning* v. *Den,* 90 Cal. 610, [27 Pac. 435], decided nothing to the contrary. It follows that the facts embraced in this finding constitute no defense to plaintiff's action.

From what we have said it follows that the judgment finds no sufficient support in the findings and must be reversed. Plaintiff should be allowed by the superior court to amend its complaint if so advised.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Sloss, J., Shaw, J., Victor E. Shaw, J., *pro tem.,* Melvin, J., and Wilbur, J., concurred.