[S. F. No. 6870. In Bank.—February 20, 1918.]

## RANSOME–CRUMMEY COMPANY, Appellant, v. WILLIAM A. COULTER, Respondent.

Street Improvement — San Jose Charter — Prohibition Against Private Agreement — Application of.—A provision in the charter of San Jose requiring the contractor for street work, before any assessment can be made, to file an affidavit to the effect

that he has not entered into any private agreement with any person liable to be assessed, to accept less than the price named in the contract, nor to make any rebate or reduction, has no reference to a private contract between a contractor and property owners for the doing of street work directly for them, but has reference only to a private agreement with relation to some contemplated street improvement by the city under the street law.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

R. M. F. Soto, and Morrison, Dunne & Brobeck, for Appellant.

William A. Coulter, *in pro. per.*, for Respondent.

ANGELLOTTI, C. J.—This is an appeal by plaintiff from a judgment in favor of defendant in an action to foreclose a street assessment lien. The claims of respondent in support of the judgment, as shown by his brief, with one exception, are substantially the same as those made by the respondents in *Ransome-Crummey Co.* v. *Bennett et al., ante,* p. 560, [171 Pac. 304], and there being no material difference in the facts, the decision in that case disposes of such claims.

The one exception is as to the matter of an alleged private agreement by the contractor with certain of the property owners liable to be assessed for the work.

The proceeding for the street work here involved, the regrading and paving of the roadway of the crossing of Santa Clara and Twelfth Streets, etc., was initiated October 9, 1911, by the adoption of a resolution of intention, and the contract therefor was awarded to plaintiff February 2, 1912.

The trial court found in regard to this substantially as follows: A private agreement of June 21, 1909, was entered into by plaintiff, with certain owners of lots fronting on East Santa Clara Street, defendant not being a party (it appearing from his answer that he did not acquire his property until April, 1912), "for the paving and improving of said street, including the crossing, from Fourth street to the Coyote bridge, for the agreed sum of 16 cents a square foot for asphalt paving including concrete foundation, and grading,

and for catchbasins, each $35." The plaintiff was awarded its city contract on February 2, 1912, which contract included catchbasins at $75 each, and pavement, including concrete foundation and regrading, at twenty-five cents per square foot, and "was largely in excess of the contract with private citizens for the same material and work." The two contracts, the one private, the other with the city, included the roadway of the crossing of Santa Clara and Twelfth Streets.

In this connection defendant's reliance is on a provision of the charter of San Jose, which is as follows:

"When the work under any contract shall have been completed, the contractor shall make out and file in the office of the Superintendent of Streets an affidavit to the effect that he has not entered into any private agreement, verbal or written, with any person liable to be assessed for said work, or with any one in his behalf *to accept a price from him less than the price named in said contract, nor to make any rebate or deduction to him from such price,* and no assessment shall be made until this affidavit is filed. *Any such agreement shall be deemed a fraud upon all persons liable to be assessed for such work,* other than the property owners who were parties to the agreement, and shall operate to void as to such persons so defrauded, any assessment made for the work done under said contract." (Italics are ours.)

We think it manifest that this charter provision has no application to the situation shown by the finding referred to.

The whole purpose of such a provision is perfectly clear. It was to meet by express provision of law such a situation as was presented in *Brady* v. *Bartlett,* 56 Cal. 350, with a view to preventing any collusion or private agreement between the street contractor and *some* of the property owners with reference to a proceeding by the city under the street law for street improvement; which might tend to the pecuniary disadvantage of the other property owners. Reasonably construed the language used has reference only to a private agreement *with relation to some contemplated street improvement by the city under the street law,* and simply forbids any private arrangement between the contractor and some of the property owners with relation to *that* improvement when made by the city by which he agrees to

accept from them less than the amount to which he would be entitled under his contract with the city and the assessment based thereon.   It has no reference whatever to such a contract as the finding here shows—a private contract between a contractor and property owners *for the doing of street work directly for them,* and not under contract with the city. The finding makes it perfectly clear that the private contract in this case, made over fifteen months before the initiation of the proceedings here involved, was simply a contract for the doing of work by the contractor directly for the property owners, who were to pay him a stipulated price therefor, and that it had no reference to any contemplated street improvement by the city.   It is unnecessary to consider other claims of appellant in regard to this finding.   In view of our conclusion as to the proper construction of the charter provision, the facts found do not constitute a defense to plaintiff's claim.   The conclusion of the trial court, based thereon, that the "non-private agreement affidavit" filed by plaintiff was false, was erroneous.

For the reasons we have given the judgment must be reversed.   Plaintiff should be allowed by the lower court to amend its complaint if it be so advised.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Sloss, J., Shaw, J., Victor E. Shaw, J., *pro tem.,* Melvin, J., and Wilbur, J., concurred.