[Civ. No. 2429.   First Appellate District.—August 28, 1918.]

BARBER ASPHALT PAVING COMPANY (a Corporation), Appellant, v. HENRY ABRAHAMSON et al., Respondents.

STREET LAW—VROOMAN ACT—CITY OF OAKLAND—ACCEPTED STREET—REPAIRS OR NEW KIND OF WORK.—Under section 20 of the Vrooman Act as it existed under the statute in force on March 21, 1907, when once a street had been accepted, it must thereafter be both repaired and improved by the city, and it followed that the city council of Oakland had no more authority, under a proceeding initiated by resolution of intentions adopted on March 21, 1907, to assess property owners to pay the cost of improving an accepted street by constructing therein a new kind of pavement, curb, or gutter, than it had authority to assess the property for the repair of the street.

ID.—ORDINANCE ACCEPTING STREET—EXCEPTION OF ROADWAY BETWEEN RAILROAD TRACKS.—Section 20 of the Vrooman Act must be read in connection with section 498 of the Civil Code, requiring, among other things, street railroad corporations to pave or macadamize the entire length of the street used by their tracks and for two feet on each side thereof, and between the tracks, and to keep the same constantly in repair, etc., and, therefore, an ordinance, by which the city of Oakland accepted the roadway of a street, but excepted therefrom the portion thereof required to be kept in repair by a company having railroad tracks thereon, was not rendered invalid by the inclusion of such exception in the ordinance.

ID.—ACCEPTANCE OF ROADWAY INCLUDES CURBING. — Acceptance of roadway of a street under section 20 of the Vrooman Act included the curbing, although curbing was not specifically mentioned.

ID.—EVIDENCE—CONDITION OF ACCEPTED STREET AT TIME OF ADOPTION OF RESOLUTION OF INTENTION.—Since a city had no authority either to make a new street or to repair the old one at the expense of property owners in the case of an accepted street, the condition of the street at the time of the adoption of the resolution of intention was immaterial to the jurisdiction of the council to order the construction of a new roadway thereon, and the exclusion of evidence offered to show the condition of the street at such time was, therefore, not erroneous.

ID.—CONDITION OF STREET AT TIME OF ACCEPTANCE.—The court did not err in excluding evidence offered to show that at the time of the adoption of the ordinance of acceptance the roadway of the street was improved with a different kind of curb, gutter, and pavement from that contemplated in the subsequent resolution of intention involved in the instant case.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Snook & Church, and J. A. Cooper, for Appellant.

Mortimer Smith and Chapman & Trefethen, for Respondents.

BEASLY, J., *pro tem.*—In this case the appellant asserts the validity of the proceedings taken by the officials of the city of Oakland for the improvement of San Pablo Avenue, and which were held invalid by the supreme court in *Barber Asphalt Pav. Co.* v. *Jurgens*, 170 Cal. 273, [149 Pac. 560]. Most, if not all, of the questions presented in that case and there decided are raised here, the reason given by counsel for appellant for so doing being that new facts developed at the trial of this case which, regardless of the rules laid down in the Jurgens case, show the proceedings to have been in fact valid. We think, however, that the record before us does not sustain this contention, although the questions raised in the trial court were presented apparently in somewhat different form than that in which they arose in the decided case.

The proceedings were conducted under the Vrooman Act (Stats. 1885, p. 160) as it existed in the statutes of March 21, 1907 (Stats. 1907, p. 806), when the resolution of intention to make the improvement now under consideration was adopted by the council.

At the trial of this case the plaintiff offered evidence to prove that the contract made and entered into in this proceeding was not for repairs to the street, but was for the construction of an entirely different kind of pavement, curb, and gutter; and bases thereon the contention that the work described in the complaint did not constitute repairing or improving in the sense in which those words were employed in the Vrooman Act (section 20), but was new and original work.

At the time this proceeding was taken section 20 of that act provided that a street which had been accepted under that section should thereafter be kept in repair and improved

by the municipality, the expense thereof to be paid out of a fund to be appropriated by the council for that purpose. The street involved here had been so accepted; and it was held in the Jurgens case that this proceeding to reimprove the street was invalid because the street had been previously improved and accepted under section 20. It will be noted that under the terms of this section, once a street has been accepted it must thereafter be both repaired and improved by the city; from which we think it follows that the city council had no authority in the proceeding giving rise to this action to assess the property owners to pay the cost of improving a street by constructing therein a new kind of pavement, curb or gutter, any more than it had authority to assess the property for the repair of the street.

Counsel for appellant also contend that the ordinance by which the city council of Oakland accepted the roadway of San Pablo Avenue excepted therefrom the portion thereof required by law to be kept in repair by a company having railroad tracks thereon; and that this was in direct contravention of the express provisions of section 20 of the Vrooman Act. But it was held in the Jurgens case that that section should be read in connection with section 498 of the Civil Code, and that the ordinance was not rendered invalid by the inclusion therein of the exception pointed out.

Counsel also contend that this last-mentioned ordinance was invalid for the further reason that it did not, as they claim, accept the whole of the street including the curbing. It is true that the ordinance did not specifically include curbing; but the point was presented in the Jurgens case, and it was there held that section 20 of the Vrooman Act was drawn with an intention of specifying curbing as a part of the roadway, and that curbing, therefore, for the purposes of the act is included within the definition of the term "roadway," and that acceptance of a roadway in compliance with that section includes the curbing.

All these points and some others argued by counsel were decided advisedly by the supreme court in the Jurgens case; and there is nothing in the case at bar which presents the legal questions in any different light than that in which they appeared to the supreme court in that case. Counsel, however, offered certain evidence, the exclusion of which by the trial court is here specified as error. For example, to show

that the street was not in good condition throughout, as section 20 of the Vrooman Act provided it must be before it could be accepted, counsel offered the mayor's veto of the ordinance of acceptance, in which that official gave his reasons for his veto, and from which it appears that in his opinion the street as improved did not come up to that degree of durability which business streets should possess before being finally accepted. Manifestly the mayor's reasons for vetoing this ordinance are not evidence in this case of the condition of the street at the time when the veto was presented. The mayor was not on the witness-stand; he could not be subjected to cross-examination upon the veto; and while the veto itself as a part of the proceedings, if material, could have been received in evidence without error, nevertheless the statements therein made by the mayor as to his reasons for such action were not evidence in this action of the facts stated in the veto. They might be correct, and they might be untrue. They were hearsay in this case.

In order to prove the condition of San Pablo Avenue at the time the improvement was ordered under the contract and proceedings here involved, Frank K. Mott, who was mayor of the city of Oakland at the time these proceedings were instituted, was called by the plaintiff and asked to describe the condition of San Pablo Avenue at the point of the improvement on March 31, 1907, the date of the adoption of the resolution of intention upon which these proceedings were based. Counsel also in connection with this evidence offered to show the specific condition of San Pablo Avenue at that time, namely, that the street had been improved prior to that time with redwood curbs and macadam pavement; that it had not been paved with asphalt, the kind of pavement contemplated by this proceeding; that no concrete curbs nor rock gutters had been constructed thereon, all for the purpose of showing that at the time of the adoption of the resolution of intention and at the time the contract was entered into for this work, the work did not constitute repairs or improvement as contemplated by the provisions of section 20 of the Vrooman Act, but that it consisted of an entirely new improvement, with an entirely different character of curbs, gutters, and pavement than that which existed upon the street at the time the resolution of intention was adopted.

As we have seen, it must be held that because the street had been improved and accepted under this section of the Vrooman Act as it existed at the time of the initiation of this proceeding, the city had no authority to lay down at the expense of the property owners a new street, any more than it had authority to repair the old street by patching it up. The condition of the street at the time of the adoption of the resolution of intention was, therefore, immaterial to the jurisdiction of the council to order the construction of a new roadway thereon.

In order to show the actual condition of San Pablo Avenue at the time of the adoption of the Ordinance No. 1071, by which it was accepted, the plaintiff called J. Ross Morgan and asked him to describe the condition of the avenue at that time. Presumably this offer, although not specific, was for the purpose of showing that the street was either not in good condition throughout, or that some other jurisdictional prerequisite to the adoption of the accepting ordinance was lacking. In connection with this offer, and in order to understand it, the proceedings upon the examination of J. W. Tompkins, another witness called immediately succeeding the sustaining by the court of an objection to the evidence offered by the witness Morgan, must be taken into consideration. Tompkins was the city marshal, superintendent of streets, and tax collector at the time of the acceptance of the street. He was asked if he knew the condition of San Pablo Avenue at the point of the improvement at the time the accepting ordinance was adopted. This question was objected to, and the court sustained the objection. Counsel for plaintiff then offered the same evidence which he had sought to introduce by Mayor Mott and Mr. Morgan. Thereupon the following proceedings took place:

"The Court: You only asked two or three questions of Mr. Morgan.

"Mr. White: I will ask another one.

"The Court: This question—you have simply fixed knowledge. Now, go ahead from that. That is all you have fixed.

"Mr. White: We offer to show by this witness, in the first place, the condition of San Pablo Avenue on the 4th of February, 1889, to the effect that it had been constructed with redwood curbs, and that it had only been partially or very poorly macadamized through a portion of the roadway.

38 Cal. App.—8

"The Court: In other words, you want to impeach the act of the council in accepting it?

"Mr. White: Not necessarily impeach the act of the council, but to show that they had no jurisdiction in doing the things they attempted to do; and also to show that the roadway was improved with an entirely different kind and character of curb, gutters, and pavement from the kind of curb, gutters, and pavement that was required under this contract with the Barber Asphalt Paving Company in 1907. And in view of that offer I now ask Mr. Tompkins what was the condition of the roadway in San Pablo Avenue between 20th and 36th Streets on February 4, 1889?

"Mr. Smith: I object to that as incompetent, irrelevant, and immaterial.

"The Court: The objection may be sustained. To which ruling the plaintiff then and there excepted.

"Mr. Cooper: The Court holds the ruling that no evidence is admissible, no matter what we offer, to show that the city council at the time they passed the ordinance accepting San Pablo Avenue, did not have jurisdiction, or that the fact did not exist which they recited in the ordinance did exist. Your honor holds that we cannot impeach that by parol testimony?

"The Court: That is my view of it, Judge, offhand. You cannot show that as an impeaching proposition, their act, so far as that is concerned, so far as this case is concerned, was binding, and it is beyond attack at this late day in a subsequent action, to attack it by parol testimony.

"Mr. Cooper: I am not questioning your honor's view excepting I want to know.

The Court: That is my view of it."

Construing the offer of evidence here in connection with the testimony of Tompkins as the broadest offer which counsel made—and we cannot in fairness to the trial judge and the parties defendant in this case otherwise construe it—the trial court was right in sustaining the objection, because under the rule of the Jurgens case this evidence as offered was not sufficient to "impeach" the accepting ordinance. All that was offered was to show that the roadway was improved with a different kind of curb, gutter, and pavement from that contemplated in the resolution of intention in this case. There was no specific thing in the offer which would have shown a lack of jurisdiction in the council to pass the accepting

ordinance, the point at which the evidence was aimed. We cannot broaden counsel's offer. The trial court had the right to assume that counsel was making his statement as inclusive and specific as the facts of his case justified.

It is not necessary, however, to go to the extent of holding that no circumstance could have been shown by parol, if it had existed, which would have shown want of jurisdiction to accept the street. It is sufficient that the offer as made was not of facts which, if true, would have done so. As the offer in the case of the witnesses Mott and Morgan was quite general, and as the offer as to the witness Tompkins was so closely connected with it and to the same point, we think that the trial court must have assumed that the plaintiff had no evidence to offer stronger than that sought from the latter witness, and cannot be said to have erred in its ruling on this point.

There is nothing in the case of *Ransome-Crummey Co.* v. *Bennett,* 177 Cal. 560, [171 Pac. 304], at variance with the foregoing views.

The remainder of the briefs and argument of counsel are taken up with objections made by respondent's attorneys to the validity of the proceeding involved herein; and in view of the disposition of the other points presented the decision of those questions becomes unnecessary.

The judgment and order are affirmed.

Kerrigan, J., and Zook, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 23, 1918.