[Civ. No. 3735. First Appellate District, Division One.—June 13, 1921.]

RANSOME-CRUMMEY COMPANY (a Corporation), Appellant, v. MRS. E. E. FIKES et al., Respondents.

[1] STREET LAW—ACCEPTANCE OF STREET—SUBSEQUENT IMPROVEMENT—EXEMPTION FROM ASSESSMENT—REPEAL OF SECTION 20 OF VROOMAN ACT.—The immunity or exemption from future assessment or taxation for street work, given by reason of the acceptance by ordinance of a street in accordance with the provisions of section 20 of the Vrooman Act, was not destroyed by the repeal of that section in 1911, where the work was completed when that section was still in force.

[2] MUNICIPAL CORPORATIONS—CHANGE OF ORGANIC LAW—ADOPTION OF NEW CHARTER—REPEAL OF EXISTING ORDINANCES.—A change made in the organic law under which cities of a designated class are organized or controlled does not repeal existing ordinances, and they remain in full force after the adoption of a new charter, and especially so where it is provided in the charter that existing ordinances shall so remain until repealed.

APPEAL from a judgment of the Superior Court of Santa Clara County.  J. R. Welch, Judge.  Affirmed.

The facts are stated in the opinion of the court.

R. M. F. Soto for Appellant.

R. C. McComish and R. M. Wright for Respondents.

KERRIGAN, J.—This action was brought to foreclose the lien of a street assessment for certain street work done under a freeholders' charter amounting to the sum of $304.39.  The work performed was for the improvement of Santa Clara Street, in the city of San Jose.  Judgment was in favor of defendants, and plaintiff appeals.

The record on appeal consists of the judgment-roll, together with a stipulation to the effect that the original complaint, which is omitted from the record, is identical with the amended complaint except as to the date of filing, and that it lacks the recitals as to the affidavit concerning non-collusion and noncollateral agreements found in the amended complaint and which are required to be filed before an assessment can be issued.

The complaint contains eight paragraphs, the first six of which in substance allege the various steps taken from the adoption of the resolution of intention down to and including the return of the warrant, resulting in the assessment-roll.  It is alleged that the resolution of intention to order the work done was adopted in February, 1910, and that the contract, entered into on April 29, 1910, provided for the completion of the work within sixty days. It is next recited that the warrant, assessment, diagram, and certificate of engineer were recorded on September 17, 1910, and that the warrant was returned on October 5, 1912.  Then follow allegations to the effect that the work was done according to the contract.  Paragraph 7 contains allegations as to fictitious defendants, and the eighth and last paragraph of the complaint avers that defendants should be estopped from objecting to the proceedings or to the doing of the work by plaintiff.  The answer contains seven paragraphs.  The first is a general denial, and the succeeding five paragraphs contain affirmative matter

relating to alleged insufficiency of the posting of notice, collusion, and insufficiency of the bond. The seventh and last paragraph of the answer alleges that the work mentioned in plaintiff's complaint was done upon an accepted street. The trial court found all the allegations of paragraphs 1 to 6 of plaintiff's complaint to be true. This included every allegation in the complaint except the seventh referring to the fictitious defendants, and the eighth as to the claimed estoppel. As to these the court found that they were not true. It further found that none of the matters set forth in the defendants' answer were true except that contained in paragraph 7 in regard to the acceptance of the street. With reference to this paragraph the court found in substance as follows: That on the eleventh day of November, 1889, the mayor and common council of the city of San Jose found and decided that East Santa Clara Street from Main Street to the Coyote River had been fully constructed, repaired, and improved, and that said mayor and common council then and there passed an ordinance accepting said street, and that such ordinance had never been repealed or modified, and was at the time of the doing of the work mentioned in plaintiff's complaint in full force and effect, and that the work was done upon a portion of said street accepted by the ordinance. In conformity therewith final judgment was entered in favor of defendants.

At the hearing on appeal it was agreed by counsel that the date of the recordation of the assessment given in paragraph 5 of the amended complaint as the seventeenth day of September, 1910, was in the original complaint alleged to be the seventeenth day of September, 1912. Counsel for respondents, however, reserve the objection that we cannot consider this fact for the reason that the trial court found that the allegation of the amended complaint reciting that the recordation was on the 17th of September, 1912, was true.

The ground relied on for a reversal is that this appeal is governed by the decisions of *Ransome-Crummey Co. v. Bennett*, 177 Cal. 560, [171 Pac. 304], and *Ransome-Crummey Co. v. Coulter*, 177 Cal. 574, [171 Pac. 308], which decisions, it is claimed, dispose of the ordinance of acceptance in this case, upon which the defense is based, for

the reason that it is in legal effect the same as the ordinance involved in each of those cases, as all were adopted under section 20 of the Vrooman Act, so called (Stats. 1885, p. 160), which was repealed April 5, 1911 (Stats. 1911, pp. 626, 635).

[1]    Appellant contends that the claimed immunity or exemption from future taxation by reason of the acceptance was destroyed by the repeal of section 20 of the Vrooman Act, and cites us to the cases invoked as supporting this contention.    It is true that in those cases it is held that certain ordinances accepting streets were abrogated by the repeal of the section in question, and that they therefore constituted no defense to the foreclosure of the assessment liens claimed in those cases.    Quite different, however, is the situation that is here presented.    In the instant case work was completed in 1910, when section 20 of the Vrooman Act was still in full force and effect.    This distinction is fully recognized in the Bennett and Coulter cases, for it is there expressly held that while the law providing for the exemption remained in force the immunity that it created still existed.    (See, also, *Barber Asphalt Co.* v. *Jurgens,* 170 Cal. 273, [149 Pac. 560] ; *Barber Asphalt Paving Co.* v. *Abrahamson,* 38 Cal. App. 109, [175 Pac. 490].)

Counsel seeks to avoid the effect of this express declaration in the opinion in the Bennett case by claiming that upon the adoption by the city of San Jose of its charter in 1897, a new government was created which superseded the old, especially as to municipal affairs, as to which it is claimed a new régime was to control in the future, the new charter being prospective.    This same point was raised by appellant's counsel in the Bennett case, but it was not expressly passed upon, and it is here claimed that notwithstanding this fact the decision covered all the points of law which were involved in the contention of each party, and which must necessarily have been considered to enable the court to reach the conclusion that the ordinance constituted *no defense,* although the opinion of the court did not in express terms decide that this particular contention was or was not well founded.    We see no force in this contention.    The court expressly held, as above indicated, that while the statute creating the exemption exists the immunity from future assessments was not. ex-

tinguished. As before stated, at the time the work here involved was performed both the act and the ordinance were in force.

That rights existing upon the adoption of a charter are not affected in the absence of some provision abrogating such pre-existing rights is expressly held in *Barber Asphalt Co.* v. *Jurgens,* 170 Cal. 273, [149 Pac. 560]. Not only is there an absence of such a provision here, but the charter of San Jose contains an express declaration that all ordinances and other regulations in force shall remain so until changed or repealed. **[2]** A change made in the organic law under which cities of a designated class are organized or controlled does not repeal existing ordinances, and they remain in full force after the adoption of a new charter, and especially so where, as here, it is provided in the charter that existing ordinances shall so remain until repealed. (1 Dillon on Municipal Corporations, 5th ed., secs. 233, 234; 23 Cyc. 387.)

There is nothing expressed in the Bennett and Coulter cases that in any manner rejects this doctrine. On the contrary it is expressly recognized.

Counsel for respondent also invoke the statute of limitations against appellant. It is pointed out that as the record shows that the assessment and diagram were recorded on the seventeenth day of September, 1910, and on the same day delivered to plaintiff, that his action commenced on the seventeenth day of September, 1914, was too late, the limit being two years. The statements of respective counsel in their briefs as to when the original complaint was filed do not agree, and the stipulation in the record does not contain the full date. However, considering the conclusion we have reached, a discussion and decision upon the question becomes unimportant.

Judgment affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 11, 1921.

All the Justices concurred, except Angellotti, C. J., and Wilbur, J., who were absent.