[Crim. No. 121. Fourth Appellate District.—April 3, 1931.]

In the Matter of the Application of JAMES RUSSELL POWELL for a Writ of Habeas Corpus.

Edmond A. Chevalier for Petitioner.

Glen Devore, District Attorney, and Arthur Shepard, Deputy District Attorney, for Respondent.

JENNINGS, J.—Petitioner was charged in a complaint filed in the Police Court of the city of Fresno by the district attorney of the county of Fresno with the crime of failure to provide for minor children. A warrant of arrest was issued and petitioner was duly arraigned in said court.

He entered a plea of not guilty to the charge, waived a trial by jury and was tried and found guilty by the court. He thereupon waived time for the rendition of judgment and was by the court sentenced to be imprisoned in the county jail of the county of Fresno for the term of one year. Petitioner now contends that he is unlawfully imprisoned for the reason that the Police Court of the city of Fresno did not have jurisdiction of the offense with which he was charged and that therefore the judgment by virtue of which he is under sentence of imprisonment is void.

Prior to the amendment of section 1425 of the Penal Code by the legislature of the state of California in the year 1929, the offense with which petitioner was charged herein was triable only in the superior courts. The 1929 amendment of section 1425 of the Penal Code enlarged the jurisdiction of justices' courts in cities, cities and counties, towns and judicial townships having a population of 30,000 or more, and provided that said courts shall have jurisdiction in all criminal cases amounting to misdemeanor only, except those to which the juvenile court is given original jurisdiction. The Police Court of the city of Fresno owes its origin to the city charter of the city wherein it is situated and from this same instrument it derives its authority and jurisdiction. Section 74 of the city charter of the city of Fresno reads as follows:

"Section 74. Jurisdiction, continued. Within the city limits, said court shall have concurrent jurisdiction with township justices' courts in all matters and things in which said justices' courts now or hereafter may have jurisdiction; and said police court shall have, in addition to the special jurisdiction conferred in this article, like authority, power and jurisdiction in the city as now or hereafter may be conferred upon township justices' courts."

It is contended by petitioner, first, that the provision of section 74 of the city charter purporting to confer upon the Police Court of the city of Fresno such jurisdiction as might thereafter be conferred upon township justices' courts, is unconstitutional as being an attempt to amend the city charter in a manner not authorized by the Constitution of the state of California. It is urged that section 8 of article XI of the state Constitution provides the exclusive method for amending the charter of a city, which method requires

approval by the electors of the city and the state legislature, and that therefore any attempted enlargement of the jurisdiction of the Police Court of the city of Fresno by reason of the legislative amendment of section 1425 of the Penal Code would be unconstitutional as amounting in effect to an amendment of the city charter without such amendment having been submitted to a vote of the electors of the city. This point has, however, been decided adversely to petitioner's contention. In the case of *Ransome-Crummey Co. v. Bennett*, 177 Cal. 560 [171 Pac. 304], a provision of the city charter of the city of San Jose adopted and made part of itself a general street law commonly known as the Vrooman Act "as since amended and as hereafter shall be amended". The court in its decision pointed out that while it is true that a freeholders' charter adopted, as was that of the city of San Jose, is amendable only in the manner prescribed by section 8, article XI, of the Constitution, and that in municipal affairs the provisions of such charter are paramount to general laws covering the same subject matter, nevertheless "where such a charter thus makes a part of itself a general legislative enactment pertinent to the administration of its municipal affairs, and expressly provides that that enactment as thereafter it may be modified by the general legislature shall still be the controlling law of the municipality, such modification by way of amendment of the general law which the legislature may enact is not within the prohibition of the Constitution, which is designed to prevent the autonomy of the city in its municipal affairs from being limited, affected or impaired by the general legislature *without consent of the city*".

In *Kirk* v. *Rhoads*, 46 Cal. 398, the language of one of the sections of the act by which the city of Sacramento was incorporated provided that "all the provisions of law in force regulating elections, so far as the same are applicable and not inconsistent with the provisions of this act, shall apply to the election of city officers by the voters of this city." The Supreme Court construed the language thus used as intending to apply to each municipal election of the city of Sacramento, so far as practicable, the provisions of the general election laws of the state, at the time the election is held, and not merely those existing at the time the incorporating act was passed.

■ Petitioner's second contention, upon which he more confidently relies, is that conceding, for the sake of argument, that section 74 of the city charter of the city of Fresno is constitutional, nevertheless the Police Court of the city of Fresno did not have jurisdiction of the offense of which he was convicted for the reason that when the state legislature by the provisions of section 74 of the city charter invested the police court of said city with concurrent jurisdiction with township justices' courts it intended and must have contemplated only such jurisdiction as *all* justices' courts then had or might thereafter have conferred upon them by law. In this connection it is pointed out that at the time the city charter of the city of Fresno was adopted there was in existence within said city a city justice's court and a township justice's court of the third judicial township, the boundaries of which township extended beyond the city limits, and that there were in the county of Fresno seventeen other justices' courts in townships outside said city; that when the framers of the charter provided that "said court shall have concurrent jurisdiction with township justices' courts" they indicated an intention to confer upon the city police court the same jurisdiction which justices' courts generally then had or might thereafter have. From this it is argued that it was the intention of the charter framers to confer upon the police court a jurisdiction concurrent with that possessed by the justices' courts in the seventeen county townships. It is obvious, as counsel for petitioner has correctly assumed, that to solve the problem thus presented it is necessary to inquire into, and if possible, to discover the intention which the framers of the charter of the city of Fresno had with respect to the jurisdiction of the Police Court in said city. It is first of all clear that the framers of the charter were primarily concerned with setting up and putting into operation the governmental machinery of the city. They were interested in affairs that had to do with a municipality. So far as the court which is here under discussion is concerned, it is reasonable to assume that they contemplated creating within the boundaries of the municipality whose organic law they were then constructing, a court which should be an integral part of a homogeneous system of inferior courts which they desired should possess the same jurisdiction. If, as counsel con-

tends, it was the intention of the framers of the charter that the police court should have the jurisdiction of justices' courts generally, no good reason appears why, in the determination of what that jurisdiction now is, we should be limited to the boundaries of the county of Fresno. Jurisdiction of such courts in townships having a population of 30,000 or more has, by the 1929 amendment to section 1425 of the Penal Code, been enlarged throughout the state of California. Why, therefore, if it be argued that by the use of the word "courts" the charter framers had in contemplation justices' courts generally, may we not assume that they intended courts of that class whose jurisdiction has now been enlarged, particularly bearing in mind that the third judicial township in which the city of Fresno is located has a population in excess of 30,000 and that there is in said township a justice's court possessing the enlarged jurisdiction conferred upon it by virtue of the amendment of 1929 to section 1425 of the Penal Code. In either view of the case it is our opinion that since the township justice's court of the third judicial township, in which the city of Fresno is located, possesses jurisdiction of the offense of which petitioner herein has been convicted, the city Police Court of said city has concurrent jurisdiction with said township justice's court. The petition herein is denied.

Barnard, P. J., and Lamberson, J., *pro tem.*, concurred.